GARRETT v. WEINBERG.

1. OUSTER—STATUTE LIMITATIONS—DEED.—Where a party takes a deed to a tract of land, construed to convey *all* the land, and puts it on record, and goes into possesion, recognizing no other claim to an interest therein, such acts amount to an ouster, and certificates renouncing inheritance, &c., attached to such deed cannot have the effect of contradicting the plain and express words of the deed.

2. TENANTS IN COMMON—PRESUMPTION—DISABILITY—STATUTE OF LIMITATIONS.—When adults and infants are tenants in common of land, the fact that the presumption of a deed cannot avail against the infants because of disability is personal to them, and cannot be interposed by the other tenants.

3. MARRIED WOMEN—STATUTE OF LIMITATIONS—DISABILITY.—A woman married before the Constitution of 1868 did not have the right

to the possession of her land acquired before that time, until the death of her husband, and she could not maintain an action for its recovery, and the statute of limitations would not run against her, until his death.

4. TACKING—ADVERSE POSSESSION—STATUTE OF LIMITATIONS.—A grantee of real estate holding possession under a written title, cannot tack his term of possession to that of his grantor, so as to make up the statutory period of adverse possession.

Before WATTS, J., Sumter, October, 1895.   Reversed.

Action by John A. Garrett, Harriet D. Singletary, John Norton, Davis Norton, George Norton, Mary Norton, Anna Norton, Charles Norton, and Louisa Rushing, by Jacob Rushing, her guardian *ad litem*, against Rosa Weinberg and William L. Osteen, for partition of real estate.

The defendants claim through the following deed, executed by the widow of Thos. Garrett, the ancestor, and her second husband:

The State of South Carolina.   Know all men by these presents, That we, John S. Moore and Elizabeth Moore, in the State aforesaid, in consideration of the sum of $500 to us in hand paid, at and before the sealing of these presents, by Edwin W. Moise, in the State aforesaid, lawyer (the receipt whereof is hereby acknowledged), have granted, bargained, sold, and released, and by these presents do grant, bargain, sell, and release, unto the said Edwin W. Moise, his heirs and assigns, all that plantation or tract of land, containing ·502 acres, situated, lying, and being in the county of Sumter, and State aforesaid, on the west side of Black River Swamp, and bounded on the north by lands now or formerly of David Rogers, on the south by lands now or formerly of Benjamin Courtney, on the east by the Black River Swamp and lands of the estate of Thomas Garrett, deceased, and on the west by lands belonging to some person or persons whose names are unknown, the same being represented by a plat thereof, made out and certified by Richard W. Harvin, deputy surveyor, dated March 20th, A. D. 1840, which said plat is hereunto attached as part of

this deed. Together with all and singular, the rights, members, hereditaments and appurtenances to the said premises belonging or in anywise incident or appertaining. To have and to hold, all and singular the said premises before mentioned, unto the said Edwin W. Moise, his heirs and assigns, forever. And we do hereby bind ourselves, our heirs, executors, and administrators, to warrant and forever defend all and singular the said premises unto the said Edwin W. Moise, his heirs and assigns, against us, our heirs, and against all persons lawfully claiming or to claim any part thereof. Witness our hand and seal, this 13th day of April, in the year of our Lord 1871, and in the ninety-fifth year of the sovereignty and independence of the United States of America. John S. Moore. [L. S.] Elizabeth (her x mark) Moore. [L. S.] Signed, sealed, and delivered in the presence of Chas. H. Moise, Richard D. Lee.

RENUNCIATION OF DOWER.—The State of South Carolina, Sumter County. I, Guignard Richardson, notary public, do hereby certify unto all whom it may concern, that Elizabeth Moore, *nee* Garrett, did this day appear before me, and upon being privately examined by me, did declare that she does freely, voluntarily, and without dread or fear of any person whomsoever, renounce, release, and forever relinquish unto the within named Edwin W. Moise, his heirs and assigns, all her interest and estate, and also her right and claim of dower, as the widow of Thomas Garrett, deceased, of, in or to all and singular the premises within mentioned and released. Elizabeth (her x mark) Moore. Given under my hand and seal of office, this 13th day of April, A. D. 1871. Guignard Richardson, notary public.

The State of South Carolina, Sumter County. I, Guignard Richardson, notary public, do hereby certify unto all whom it may concern, that Mrs. Elizabeth Moore did this day appear before me, and upon being privately and separately examined by me, did declare that she does freely, voluntarily, and without any compulsion, dread or fear of any person or persons whomsoever, renounce, release and for-

ever relinquish unto the within named Edwin W. Moise, his heirs and assigns, all her interest and estate, and also all her right and claim of dower of, in or to all and singular the premises within mentioned and released. Elizabeth (her x mark) Moore. Given under my hand and seal, this 13th day of April, Anno Domini 1871. Guignard Richardson, notary public.

The State of South Carolina, county of Sumter. I, Guignard Richardson, notary public, do hereby certify that Elizabeth Moore did this day appear before me, and did declare that she does freely, voluntarily, and for value, renounce, release, and forever relinquish unto the within named Edwin W. Moise, his heirs and assigns, all her interest and estate, and also all her right of inheritance as heir at law and distributee of her late husband, Thos. Garrett, deceased, of, in or to all and singular the premises within mentioned and released. Elizabeth (her x mark) Moore. Given under my hand and seal, this 13th day of April, A. D. 1871. Guignard Richardson, notary public. To this deed was also attached and recorded a plot of the land.

The plaintiffs, among other requests, asked the Circuit Judge to charge as follows:

XV. That whether the plaintiffs and the defendants derive title from a common source or not, if the jury find that the plaintiffs, as heirs at law of Thomas Garrett, were entitled to the interest in the land which they claim, and if they find that Edwin W. Moise did hold possession of the land from 1871 to 1876, and that in order to make up the period of twenty years adverse holding, set up by the defendants, it is necessary to include the period of such holding by Edwin W. Moise, that then the defense of the defendants, that there is a legal presumption of a deed from the plaintiffs or their ancestors of their interest in the land, arising from such possession of the land by the defendants, or those through whom they claim during the period of

twenty years, cannot avail, and the jury cannot consider it, because the statute of limitations then in force, and now governing in the case, expressly provides that any person holding possession of land is presumed to hold under and in subordination to the true legal title, unless it appears that the premises were held and possessed by him, or one under whom he claims, or by such person and by descent cast upon his heirs in an unbroken possession continuously, and adversely to the true legal title, for the full period of twenty years; and this statute, as uniformly construed and enforced by the courts of this State, forbids the tacking of separate periods of possession by different persons to make up the twenty years, and such rule of presumption of title from the plaintiffs cannot bar or diminish the protection of their rights thus expressly given by the statutory law.

XX. That if the jury consider the defense of a presumption of title to the land in question from the plaintiffs arising from the lapse of twenty years, and if they find that the plaintiffs were entitled to the portion of the land for which they sue, and if they also find that any of the plaintiffs were, at the commencement of that time or in the meantime, under disability of coverture as married women, they must, in estimating the twenty years necessary to raise such presumption, deduct the period of such disability; and if the time left after such deduction does not amount to twenty years, then all the plaintiffs are relieved against such presumption of a deed from them, and the jury must find generally for the plaintiffs on such defense.

The following is so much of the charge of the Circuit Judge as is necessary to understand the issues:

If the testimony satisfies you that Gen. E. W. Moise went into possession of that land at that time by purchasing it from the widow, Elizabeth Moore, that deed, introduced by plaintiffs themselves, shows that Gen. Moise bought the land, the whole of that land; that he went into actual possession of it; that he rented it, exercised ownership over it;

that he recorded the title in the office of the register of mesne conveyance for Sumter County; and that it was for the whole of the 500 acres, as he testified. I charge you as matter of law that that was notice to the whole world that he did not go there as a tenant in common with the children of Thomas Garrett. However, if the testimony satisfies you that Gen. Moise went in there, and that he was conveyed the one-third interest as the property of the widow, and went in there recognizing that the children of Thomas Garrett were entitled to two-thirds interest, it would be necessary to set ouster here before he could set up adverse possession; but if you believe from the testimony that he, Gen. Moise, thought he was buying the whole of that land, and took a deed from Mr. Moore and Mrs. Moore for the whole of it, and that he recorded it and went into possession, built houses, dug ditches, &c., I charge you, as a matter of law, that that would be notice to the whole world, and the statutes commenced to run in his favor, and the defendants here claim under him from that time, if the children of Thomas Garrett were twenty-one years of age, and you heard the testimony upon that; if, after that time, one of the heirs at law, one of the children, died, leaving a minor, as alleged in the complaint, that would not stop the operation of the statute, would not suspend the operation of the statute. The statute having commenced to run at that time, at the time that Moise went into possession of the property under a written deed, and he thought he was getting the whole of it, and he recorded it in the clerk's office, the death of Mrs. DeLoach here would not suspend the running of the statute. After it commenced to run, it ran on. If Mrs. DeLoach and Mrs. Norton were twenty-one years of age at the time that Gen. Moise went into possession, if he went into possession, as I have before stated, in the manner I have indicated, exercised ownership over it, and after that time he transferred to his son, Marion Moise, and he transferred to the defendants, and went in under a paper title, having it recorded, the children of

Thomas Garrett being twenty-one years of age, and this action having been brought in 1893, and these parties having been in possession of it from that time, from the time that Moise went into possession of it, and these other parties and defendants went in under him, then the law would presume that the heirs at law of Thomas Garrett had executed a title to Moise, and those who claim under him would have a good title against the whole world. But I charge you this: If Gen. Moise went in there thinking that he had bought one-third and recognized that the children of Garrett owned the other two-thirds, he would have had to have held the land twenty years himself; they could not tack on to one another's possession so as to make up the twenty years, but you have to be satisfied from the proof as to that, that he went in there recognizing that he had one-third and that the children had two-thirds. If you believe the testimony that he went in there thinking that he bought the whole of it, and that he never recognized these Garrett children, and went in and took possession of it, then the statute commenced to run from that time. If you believe that Maj. Moise went in under General Moise, and these defendants went in under Maj. Moise, these plaintiffs cannot recover.

I charge you, that it does not matter if these parties were married and had husbands living, that was no such disability as would have prevented the statute from commencing to run. If Moise went in there and exercised ownership under a paper title, the statute having commenced to run against everybody, if you are satisfied that the heirs at law, the sons and daughters of Thomas Garrett, were twenty-one years of age when he went in possession, and that one of them died after that leaving a minor granddaughter, did not arrest the running of the statute; it having commenced to run, it ran right on. As I said before, if you believe this was the property of Garrett, the very moment he died the real estate descended to his heirs at law—his widow and children. And if you believe that the

widow sold the property to Moise, and in that deed she attempted to sell the whole of it, and Moise thought he was buying the whole of it, and if the son and daughters of Garrett were twenty-one years of age at that time, the very moment he went in there and exercised ownership, the statute commenced to run; and if you believe the testimony that he built houses and dug ditches, &c., and he turned over to Maj. Moise and he exercised ownership, and he sold to these defendants and they have been exercising ownership ever since, the plaintiffs are not entitled to recover.

Now, gentlemen, the plaintiff requests me to charge you these propositions of law.

XV. I refuse to charge you that. I have sufficiently charged you as to the law on tacking. Apply the facts to that law, and find out whether or not he went in there as a purchaser in 1871, thinking he was getting the whole of it, and never recognized the fact that he was a tenant in common with the children of Garrett. If you believe this testimony, he went in there thinking he was getting all under a paper deed. He never recognized the children. It is for you to say whether or not he went in there thinking he was getting all of it or only one-third. If he went in there recognizing the children, then some one person would have held twenty years adversely. He says he went in there and held it adversely to the whole world, and recorded his deed and took possession of it until he turned it over to his son, and his son turned over to some one, and the statute commenced to run the very day that Gen. Moise went in, and they held for twenty years before the commencement of this action, the plaintiffs cannot recover.

XX. I refuse to charge you that, because, as I understand the law to be, the act of 1870, there is no disability simply because she is a woman and married.

Verdict for defendant. The plaintiffs appeal upon numerous exceptions raising the questions mentioned in the opinion.

*Messrs. A. B. Stuckey* and *Tho's. S. Moorman,* for appellants, cite: *Ouster:* Dud., 23; 13 Rich., 60; 2 Bl. Com., 174; 1 McC., 132; 21 S. C., 463; 39 S. C., 14; 26 S. C., 180; 3 McC., 302; 3 S. C., 254. *Tacking:* 14 S. C., 180; 2 Brad., 151; Rice, 11; 3 Strob., 131; 5 Strob., 213; 16 S. C., 141; 29 S. C., 372; 28 S. C., 489; 6 Rich. Eq., 72; 8 Rich., 42; 30 S. C., 234; 18 S. C., 473; 30 S. C., 291. *Disability of infancy:* 3 Brev., 439; 1 Nott & McC., 296; 1 McC., 139; 3 McC., 451; 4 Rich., 615; 26 S. C., 219; 30 S. C., 291, 234; 26 S. C., 180; 3 Rich., 418; 1 Bail., 192; 2 Hill, 333. *Disability of coverture:* Tyler on Cov., pp. 411, 412, 414; 2 Kent Com., 133; 1 Bishop on Law of Married Women, pp. 370, 371, 398; 9 Ency., 841; Steward on Husband and Wife, pp. 219, 221; 3 Strob., 459; 1 Chev., 139; 11 S. C., 71; 3 Bus. on Lim. and Ad. Pos., 181; Newell on Eject., 713; 2 Const. Rep., 12; 6 Rich., 132; Meigs Rep., 484; 8 Johns., 269; 4 Johns., 390; 129 *Id.*, 630; 127 *Id.*, 654; 70 Fed. Rep., 664; 8 Hemph., 325; 2 Head., 676; Claucy Husband and Wife, 161, 162; 20 S. C., 49. *Presumption of deed and Statute of Limitations:* Code 1870, sec. 104; 2 Rich., 22; 7 Rich., 355; Rice L., 15. *Presumption in connection with deed:* 19 Enc., 40; Matthews on Pres. Ev., 96; Newell on Eject., 712. *Disability of infancy aud coverture as protection against presumption:* 28 S. C., 486; 3 S. C., 265; 2 Hill Ch., 513; 1 Hill Ch., 378; 2 Hill, 328; 3 Strob., 502. *Is the rule of the presumption of a deed rebuttable:* 40 S. C., 181; Best on Ev., 580, 309, 307, 314, 324; 2 Whar. on Ev., 1358.

*Messrs. Lee & Moise,* contra, cite: *Presumption:* 2 Black. Com., 182; Williams on Real Prop., 137; McC., 161; 2 Rich. L., 19, 23; 11 Rich., 424; 2 Bail., 101; 1 McM., 446; 40 S. C., 179; 16 S. C., 132; 28 S. C., 486, 490; 2 Hill Ch., 513; Angell on Lim., 484; 1 Hill Ch., 378; 1 Hill L., 222. *Statute of Limitations:* 4 Rich., 619; 3 Brev., 438; 1 McC., 139; 3 McC., 457; 1 N. & McC., 296; 6 Stat. at Large, 238; Code (1893), secs. 98 to 109; Rev. Stat. 1872, 820; Act of 1712, 778; 15 Johns., 169; 3 Hill, 85; 29 Barb., 319; 82 Hun., 98;

1 Abbott,.242; 26 S. C., 225; 20 S. C., 52; 2 Rich., 23; 13 Ency., 732; 110 U. S., 619; 3 Johns. Ch., 126–130; 3 McC., 261; 3 Strob., 498; Newell on Eject., 704; 1 Nott & McC., 307. *Under claim of title:* 6 Rich., 62; Rice, 14; 3 McC., 267; Wash. on Real Prop. (5th ed.), 159; 1 Ency., 269; 1 John, 156; 16 John, 293; Newell on Eject., 740; 10 Cush., 244; Sed. & Wait on Trial of Title to Land, 533, 536; 23 Wendall, 316; 2 Rich. L., 19; McM. Eq., 35; 2 Rich. Eq., 1; 7 Rich., 428; 14 S. C., 182; Robinson's El. Law (1882), 78, 79; 28 N. Y., 45; 13 Johns., 513; 44 Hun., 507; 3 Duer, 354; 18 Johns., 360; 53 N. Y., 287; 2 Smith Lead. Cases, 470; 40 S. C., 171; 2 Hill, 492; 6 Pet., 743; 5 Pet., 354, 402; 2 Wheat., 29; 9 Wheat., 141–288; 8 Cow., 589; 6 Barr., 110; 9 Met., 418; 3 Conn., 403; 8 Shepley, 350, 240. *Ouster:* 24 Wend., 587; 68 N. Y., 345; 26 S. C., 185; 40 S. C., 184; 2 Hill, 513; 6 Rich. Eq., 425; Newell on Eject., 768; 56 N. H., 357; 3 Strob., 468; 1 Ency., 236.

Nov. 25, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was commenced in January, 1893, for partition of real estate, and has heretofore been before this Court on a question of demurrer. The demurrer was overruled, and the defendants filed their answers setting up the defenses hereinafter mentioned. The case was tried before Judge Watts and a jury, at the October, 1895, term of the Circuit Court for Sumter County, and resulted in a judgment for defendants, from which plaintiffs have appealed to this Court.

Thomas Garrett died in 1865, leaving as his heirs at law his widow, Elizabeth Garrett, now Elizabeth Moore, his son, the plaintiff, John A. Garrett, his daughter, the plaintiff, Harriet D. Singletary, and his daughters, Mary Pritchard, Ellen DeLoach, and Mariah Norton. Mary Pritchard, Ellen DeLoach, and Mariah Norton have since died intestate. Mary Pritchard left no husband or lineal descendant surviving her. Ellen DeLoach left, as her only heir at law surviving her, her grand-daughter, the plaintiff, Louisa

Rushing, and being under the age of twenty-one years, her husband, Jacob Rushing, has been appointed her guardian *ad litem* by the clerk of the court, to prosecute this action in her behalf. Mariah Norton left surviving her, as her only heirs at law, John Norton, Davis Norton, George Norton, Mary Norton, Anna Norton, and Charles Norton.

The following statement is set out in the "Case:" The plaintiffs introduced testimony to prove the following facts, to wit: That Thomas Garrett, their ancestor, was at the time of his death, in 1865, seized in fee and possessed of the land in question; that the plaintiffs were his heirs at law, and entitled to the interests in the lands as alleged in the complaint; that the defendants were each in possession of a part of the land, and plaintiffs claimed that defendants derived title to the land from the same source, to wit: from the said Thomas Garrett. Upon due notice, the defendants having failed to produce the original deed, an office copy of deed (with plat attached) of Elizabeth Moore and John S. Moore to Edwin W. Moise was introduced in evidence by plaintiffs as a part of their testimony in chief, and, upon due notice, the defendants produced the original of five other deeds, the execution of which were admitted and were offered in evidence by the plaintiffs. The following is a description of the deeds: 1. The deed of John S. Moore and Elizabeth Moore to Edwin W. Moise, which will be set out in the report of the case. 2. Also deed of Edwin W. Moise to Marion Moise, dated 14th day of June, 1876, and was recorded July 14th, A. D. 1876; consideration $1,200; conveyed the 502 acres in question, also 52 acres near city of Sumter; being in usual form and with usual covenant of general warranty. 3. Also deed of Marion Moise to Jared M. Chavis, dated 21st day of May, 1882, consideration $587; conveys 116½ acres of the land in question; deed in the usual form, with covenant of general warranty. 4. Also deed of Jared M. Chavis to Rosa Weinberg, dated October 21st, 1886, and was recorded on the 21st October, 1886; consideration $590; conveys the same 116½ acres above

described in usual form, with covenant of general warranty.
5. Also deed of Marion Moise to Rosa Weinberg, dated 14th
January, 1887, recorded on the 15th January, 1887; con-
sideration $233; conveys 52 acres of the land in question,
with usual form and contains covenant of general warranty.
6. Also deed of Marion Moise to William L. Osteen, dated
October 16th, 1889, recorded on the 17th day of October,
1889; consideration $2,000; conveys 369½ acres of the land
in question; deed in usual form, with covenant of general
warranty.   Upon close of plaintiffs' testimony, the defend-
ants moved for a nonsuit on the ground that plaintiffs
had failed to prove any title in themselves to the interest
in the land which they claimed.   The Judge refused the
motion for a nonsuit, stating: "I have my reasons about
the matter, and I must say I think it improper for me to
grant a nonsuit; I will allow it to go to the jury, and let
them settle it."

The defendants introduced testimony to prove that E. W.
Moise entered intered into possession of the entire tract
under and at the date of the deed of John S. Moore and
Elizabeth Moore to E. W. Moise, and held adverse posses-
sion thereof until he conveyed the entire tract to Marion
Moise on the 14th day of June, 1876; that Marion Moise
entered into the possession of the entire tract at the date of
the conveyance thereof to him by E. W. Moise, and held
adverse possession thereof until he conveyed, first, a portion
thereof to Jared M. Chavis, by his deed above stated, who
afterwards conveyed the same to Rosa Weinberg, by his
deed to her of the date as above stated, and the remainder
of the entire tract to William L. Osteen, by his deed of date
as above stated; and that said Jared M. Chavis held the
portion so conveyed to him until the date of his deed to
Mrs. Rosa Weinberg, as above stated, and that Mrs. Rosa
Weinberg and William L. Osteen held adverse possession
of the portions purchased by them from the date of their
respective deeds until the commencement of this action.
The plaintiff, J. A. Garrett, testified that he had never con-

veyed his interest in this land to any one.　This answer and the question leading thereto were objected to on the ground that it was incompetent for him to so testify, under the facts of the case.　Objection overruled, and exception taken by defendants on the ground that it was incompetent.　It was also established by the plaintiffs, and not contradicted by the defendants, that when E. W. Moise took conveyance from Elizabeth Moore, all the heirs at law of Thomas Garrett were twenty-one years of age; that in January, 1876, his daughter, Ellen DeLoach, an heir to his estate, died, leaving as her only heir at law her grand-child, the plaintiff, Louisa Rushing, who was then a minor, having been born about January, 1873, and was still a minor at the commencement of this action.　It was also established that Mariah Norton, another of the heirs at law of Thomas Garrett, died in 1886, leaving minor heirs, their names and ages being as follows, being plaintiffs in this action, to wit: John Norton was born 14th September, 1856; Davis Norton was born October 4th, 1861; George Norton was born November 26th, 1862; Mary Norton was born March 8th, 1865; Anna Norton was born September 4th, 1868; Charles Norton was born October 7th, 1871.　It was also shown that at the time of the conveyance of Mrs. Moore to E. W. Moise, in 1871, two of the heirs at law of Thomas Garrett were married women, to wit: Mariah Norton and the plaintiff, Harriet Singletary, and that they continued under coverture until the deaths of their husbands, to wit: the husband of Mrs. Singletary died in 1884, and the husband of Mrs. Norton died in 1876.

The plaintiffs presented to the Judge certain requests to charge, which will be incorporated in the report of the case. The defendants also presented certain requests to charge, which will be set out in the report of the case (except those which were withdrawn), together with his Honor's charge and appellant's exceptions.　His Honor refused a motion for a new trial.

The plaintiffs claim that the deed to E. W. Moise, while

purporting to convey the whole, only conveyed the interests of Elizabeth Moore, the widow of Thomas Garrett, being one-third of the premises, and they seek to ignore the sale by John S. Moore, or any rights thereunder. The defendants denied that the plaintiffs, or their ancestor, Thomas Garrett, ever had title to the premises or any part thereof. The defendants claimed the premises under a chain of title, and set up the adverse possession of themselves and those under whom they claim for more than twenty years next before the commencement of said action under said chain of title, and plead the statute of limitations. The defendants claimed, as a matter of law, that Harriet D. Singletary and John A. Garrett, having had a right of action to recover their interest, if any they had, in the premises described in the complaint for more than twenty years before the commencement of said action, and having labored under no disability, are presumed to have executed deeds to their interests in the premises unto E. W. Moise in 1871. And that as the right of action accrued to the heirs at law of Thomas Garrett in 1871, when the deed of John S. and Elizabeth Moore was executed and recorded, and possession thereunder taken, the statute of limitations commenced to run, and that its operation was not suspended by the subsequent disabilities, by reason of the death of Ellen DeLoach in 1876, and of Mariah Norton in 1886. The defendants nowhere claimed that, as against the minor heirs now suing, a deed should be presumed under the common law doctrine of presumptions which they invoked against John A. Garrett and Harriet D. Singletary, but they did claim that, under section 102 of the Code, a complete adverse title should be deemed or presumed against all parties plaintiff.

We will not consider the exceptions *seriatim*, but will first consider the question of ouster. The deed of conveyance from John S. Moore and Elizabeth Moore to Edwin W. Moise was executed in 1871, and purports to convey unto the said Edwin W. Moise, his heirs and assigns, all the plantation or tract of land described in the com-

plaint. The covenants of warranty are in the usual form. There is nothing upon the face of the deed itself indicating that anything less than the fee to *all* the land was attempted to be conveyed. It is, however, contended that the certificates accompanying the deed of conveyance, to the effect that Mrs. Elizabeth Moore had renounced her right of dower and of inheritance as an heir at law of her former husband, Thomas Garrett, in said premises, show that the intention was to convey only the interest of Mrs. Elizabeth Moore in the said premises. The certificates aforesaid cannot have the effect of contradicting the plain and express words of the deed. The certificates are to be regarded as intending to make certain the effect of the deed, rather than as a limitation upon its provisions. Appellants' counsel conceded, and very properly, that if the deed which was recorded should be construed as a conveyance of *all* the land, and Edwin W. Moise entered into possession thereunder, without recognizing any other claim, then such entry would constitute *ouster*.

We next proceed to a consideration of the questions raised by the exceptions in regard to the presumption of a deed arising from lapse of time. It is not necessary to do more than to refer to *Massey* v. *Adams*, 3 S. C., 254, and the cases therein cited, to show that the common law presumption of a deed, arising from adverse possession, cannot prevail against an infant, unless such possession continued for a period of twenty years, exclusive of the time when the disability of infancy existed. When adults and infants are tenants in common of land, the fact that the presumption of a deed cannot prevail against the infants because of such disabilty cannot be interposed by the other tenants in common. *Boykin* v. *Ancrum*, 28 S. C., 486. The appellants was, upon request, granted permission to argue against the principles announced in said case, in so far as they relate to the question under consideration in this case. We deem it only necessary to say that, after careful consideration, this Court

adheres to the principles announced in that case. The objection, that the presumption of a deed cannot prevail against the infants, is personal to the infants, and they alone have the right to any benefit from such objection.

It does not appear when Harriet D. Singletary and Mariah Norton were married. If they were married prior to the adoption of the Constitution of 1868, then the husbands acquired such vested interests in the real estate of their respective wives as gave them the right to possession of said real estate and to the rents, issues, and profits therefrom, during coverture. *Bouknight* v. *Epting*, 11 S. C , 71. They could not have been deprived of these rights even by the Constitution of 1868. If the said Harriet D. Singletary and Mariah Norton were married before the adoption of the Constitution of 1868, then they did not have the right to the possession of their real estate, nor to the rents, issues, and profits therefrom, until the death of their respective husbands. Their cause of action did not arise until they had the right to bring action to recover the possession of said land or for the rents and profits therefrom, to wit: the death of their respective husbands. *Suber* v. *Chandler*, 18 S. C., 526. Under such circumstances, time in favor of the presumption of a deed would not commence to run until the death of the husband. A contrary rule would work injustice and oppression.

We will next consider the questions touching the statute of limitations. We do not deem it necessary to trace the interesting history of our statute of limitations, set forth in the arguments of counsel, as, in 1870, when the Code was adopted, they were materially changed. The sections in the Code of 1870, which affect this case, are as follows: Section 98. "No action for the recovery of real property, or for the recovery of the possession thereof, shall be maintained unless it appears that the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the premises in question within ten years before the commencement of such action." Section 101. "In every

action for the recovery of real property or the possession thereof, the person establishing a legal title to the premises shall be presumed to be possessed thereof within the time required by law, and the occupation of such premises by any other person shall be deemed to have been under and in subordination to the legal title, unless it appear that said premises have been held and possessed, adversely to said legal title, for ten years before the commencement of such action." Section 102. "Whenever it shall appear that the occupant, or those under whom he claims, entered into the possession of premises under claim of title exclusive of any other right, founding such claim upon a written instrument as being a conveyance of the premises in question, or upon the decree or judgment of a competent Court, and that there has been a continued occupation and possession of the premises included in such instrument, decree or judgment, or of some part of such premises, under such claim for ten years, the premises so included shall be *deemed* to have been held adversely; excpt that where the premises so included consists of a tract divided into lots, the possession of one lot shall not be deemed a possession of any other lot of the same tract." Section 103 provides what is necessary to constitute an adverse possession by a person claiming title founded upon a written instrument or a judgment or decree. Section 104. "Where it shall appear that there has been an actual continued occupation of premises, under a claim of title, exclusive of any other right, but not founded upon a written instrument or a judgment or decree, the premises so actually occupied and no other shall be deemed to have been held adversely." Section 105 provides what shall constitute an adverse possession by a person claiming a title not founded upon a written instrument or a judgment or decree. Section 108. "If a person entitled to commence any action for the recovery of real property, or to make an entry or defense founded on the title to real property, or to rents or services out of the same be, at the same time such title first descend or accrue, either within

the age of twenty-one years, etc.   The time during which
such disability shall continue shall not be deemed any
portion of the time in this chapter limited for the com-
mencement of such action, or the making of such entry or
defense; but such action may be commenced or entry or
defense made after the period of ten years, and within ten
years after the disability shall cease or after the death of
the person entitled, who shall die under such disability; but
such action shall not be commenced, or entry or defense
made after that period.   Section 109 provides that no action
shall be commenced for the recovery of real property against
a person in possession under claim of title by virtue of a
written instrument, unless the person claiming, his ances-
tor or grantor, was in actual possession of the whole or a part,
within forty years from the commencement of such action.
And that the possession of a defendant, *sole or connected*,
"shall be deemed valid after the lapse of said period."
The foregoing sections of the Code provided for twenty
years in 1870, but were amended to ten years in 1873,
otherwise they are identical.   The sections of the Code
hereinbefore mentioned have in a number of cases received
judicial construction, and there are principles which may
be regarded as well settled by the authorities.   Neither
Edwin W. Moise nor any of those holding title under him
held the premises or any part thereof for ten years before
the commencement of this action, and, therefore, if they
were not the rightful owners or entitled to the possession
of said land, the entry of each of them was a new trespass.
The possession of the defendants and of those from whom
they claim, cannot be united so that the premises shall be
deemed to have been held adversely for the statutory
period.   In other words, they cannot tack their possession
to that of those from whom they claim, so as to sustain a
title by adverse possession. *Johnson* v. *Cobb*, 29 S. C., 372;
*Boykin* v. *Ancrum*, 28 S. C., 489; *Ellen* v. *Ellen*, 16 S. C.,
132; *Congdon* v. *Morgan*, 14 S. C., 596; *Pegues* v. *Warley*,
14 S. C., 180.   In January, 1876, Ellen DeLoach died,

leaving, as her only heir at law, her grand-child, Louisa
Rushing, then a minor, as she was born in January, 1873.
Marion Moise received a conveyance from Edwin W. Moise
and entered into possession on the 14th of June, 1876.    If
Edwin W. Moise was not the owner or entitled to the pos-
session of the premises, then the entry of Marion Moise was
a *new* trespass.    At that time Louisa Rushing was an in-
fant; the cause of action then accrued to her.    In such case
her rights come within the express protection afforded by
the statute.    Sec. 108 of the Code.    Mrs. Mariah Norton
died in 1886, leaving certain heirs at law, then infants, and
any causes of action that might have accrued to them there-
after by reason of subsequent new trespasses would also be
protected by the statute.    .

The respondent's attorneys argue very strenuously that
the rule is not now as we have hereinbefore stated, because
of the innovation made upon the law of this State when
the Code was adopted in 1870.    When the sections of the
Code relating to the statute of limitations are analyzed, it
will be seen that they do not sustain the views which the
respondent's attorneys present to the Court as to uniting or
tacking the possession of the occupants and those under
whom they claim, so as to be deemed an adverse holding.
A glance at the different sections aforesaid shows that when
it is intended to describe the different possessions, whether
of the plaintiff, his ancestor, predecessor or grantor, "con-
tinued," "sole or connected," apt and plain words are used
for that purpose.    It cannot be contended for a moment
that there are any words in section 101 relating to the unit-
ing or tacking of different possessions so as to be deemed
an adverse holding.    .

The only word referring to the manner in which the
premises have to be possessed is "adversely."    The main
object of section 102 was that *all* the premises described in
the written instrument, under the circumstances therein
mentioned, should be deemed to have been held adversely,
although only a *part* of the premises had been occupied.

The only word mentioned in this section in any manner relating to tacking of possessions is "continued." If it had been intended to allow tacking, the appropriate words would have been "sole" or "connected." "Continued" was the appropriate word to show that the occupation must not have been less than ten years at one time, and less than ten years at another time, by the same person, although the two periods of time aggregate more than ten years. Section 103 shows that the requisites for constituting an adverse possession are very different from those mentioned in 105, when the possession cannot be referred to a written instrument. The main object of section 104 was to require *actual* possession of all the premises claimed to have been held adversely, when the entry was not made under a written instrument. Section 108 contains no provision in regard to tacking possessions. Section 109 does provide for tacking under the circumstances therein mentioned, and uses the words "sole or connected." This section has no bearing in any other respect upon the case before us. There was, therefore, error in the charge of the presiding Judge. The cases of *Hill* v. *Sanders*, 4 Rich., 521, and *McGee* v. *Hall*, 26 S. C., 179, show that the general principle is, that the minority of a tenant in common will protect the interests of the other tenants in common from the operation of the statute of limitations. There is no statute in this State changing the rule laid down in those cases. We refer to the case of *Hill* v. *Sanders*, *supra*, for a statement of the principles upon which this rule of property is founded, where it is also stated why this rule does not apply when the disability of an infant tenant in common is urged by an adult tenant in common against the *presumption* arising from the lapse of time. Statute of limitations and presumptions arising from lapse of time are very different in their natures, and we see no reason why they both may not exist at the same time, even when the statute prescribes twenty years as the time necessary to sustain the defense of adverse possession. *Wadsworthville* v. *McCully*, 11 Rich.,

430; *Trustees* v. *Jennings*, 40 S. C., 183. These views practically dispose of all the questions raised by the exceptions. The charge of the presiding Judge, in so far as it was erroneous as to John A. Garrett, was harmless error.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, except as to John A. Garrett, and the case remanded for a new trial.

MR. CHIEF JUSTICE McIVER. While I concur in the principles laid down in the foregoing opinion, it seems to me that the legitimate deduction from those principles is, that while the plaintiffs, John A. Garrett and Harriet D. Singletary, may be protected from the plea of the statute of limitations by reason of the minority of some of their coplaintiffs, yet they are not protected from the presumption of a deed from them to E. W. Moise for their interests in the land, arising from the lapse of twenty years. It is not pretended that John A. Garrett was himself under any disability, and, as shown in the opinion, he cannot be protected by the disability arising from the infancy of some of his coplaintiffs, *as against that presumption.* For a like reason, while Mrs. Singletary may be protected from the plea of the statute by reason of the infancy of some of her coplaintiffs, yet she cannot be protected from the plea of the presumption of a deed by the disability arising from her coverture, for the reason that she failed to establish the essential fact that she was a married woman before or at the time of the adoption of the Constitution of 1868; for the rule, as I understand it, is, that one who claims the protection of some disability, must show clearly all the facts necessary to establish such disability, and this, though she was afforded the opportunity of doing in this case, she has failed to do. I think, therefore, that there was no error in the judgment either as to her or as to John A. Garrett, and hence the judgment as to them should be affirmed. But as there was error in the judgment of the Circuit Court as to such of the plaintiffs as were under the disability of infancy, for the reasons stated in the opinion,

such judgment should be reversed, and a new trial granted as to those of the plaintiffs only who are entitled to the pro-- tection of the disability of infancy.