8587

### STOKES v. MURRAY.

REAL PROPERTY—ISSUES.—There being some evidence in this case of a seizure by the plaintiffs or those through whom they claim within the statutory periods and of title from a common source, the issue of title should have been sent to the jury, and nonsuit not granted.

Before HENRY MULLINS, Special J., Lee, March, 1910.
Reversed.

Action by J. L. Stokes *et al.* against William Murray.
Plaintiffs appeal on the following exceptions:

1. "Having established, *prima facie,* a legal title to the
premises in question, the plaintiffs were presumed to have
been possessed of the same within the time required by law.

2. "Section 109 of the Code of Civil Procedure of 1902
has no applcation to this case: (a) because not enacted for
forty years; (b) because enacted after the cause of action
accrued, if the view taken by attorneys for defendant is
correct.

3. "Section 98 of the Code of Civil Procedure of 1902
has no application in this suit, as the same was enacted
after the cause of action arose, if the contention of defend-
ant be correct.

4. "Section 101 of the Code of Civil Procedure of 1870
is not applicable to this case, because a *prima facie* legal
title having been established, the plaintiffs are presumed
to have been possessed within the time then required by law,
to wit, twenty years.

5. "The statutes of limitation have no application to this
case, as no right of action ever accrued to the plaintiffs or
their ancestor, until the death of F. L. Stokes.

6. "The statutes of limitation do not apply in this case as
the ancestor of the plaintiffs was laboring under the marital
disability imposed by law; and the law cannot, at the same
time, prescribe a limitation to run during the continuation
of the disability the law had imposed, as this would be
depriving a person of property without due process of law.

7. "No adverse holding was, or could be, shown, as the
plaintiff's ancestor had no right to the possession, and there-
fore no mere holding of possession could be adverse to her
rights, which did not include possession.

8. "Section 101 of the Code of Civil Procedure of 1902 raises the presumption of possession within the time required by law, and this alone would require the trial judge to send the case to the jury.

9. "The evidence introduced by the plaintiffs was sufficient under the law to sustain a verdict for them, and said evidence did make out a *prima facie* case."

*Messrs. L. D. Jennings* and *McLeod & Dennis*, for appellants. The former cites: *Possession is presumed to follow title:* 71 S. C. 330. *Presumptions stand as evidence:* 87 S. C. 174; 79 S. C. 71. *Possession of wife before Constitution of 1868 passed to husband:* 48 S. C. 28; 11 S. C. 71; 42 S. C. 84. *Statute does not begin to run until disability removed:* 18 S. C. 526. *Forty-year provision could not apply here:* 78 S. C. 143.

*Messrs. Thos. H. Tatum, J. B. McLaughlin* and *A. B. Stuckey,* contra. The latter cites: *Feme covert is limited to 7 years after disability:* 6 Stat. 238. *Was statute properly pleaded?* 24 Cyc. 1408; 1 McC. 336; 30 S. C. 234. *When both husband and wife were disseized, statute began to run against wife:* 3 Rich. 449; 2 Strob. 332; 36 Am. D. 70; 48 S. C. 282. *There is no common source on a general denial by defendant:* 15 S. C. 478; 37 S. C. 102.

June 28, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This was an action for the recovery of real property heard before special judge Hon. Henry Mullins, and a jury at the spring term of the Court of Common Pleas for Lee County, in 1910. At the close of the evidence in the case, upon motion of defendant's attorneys, his Honor granted a nonsuit. The plaintiffs gave notice of intention to appeal from this order, but before they perfected their appeal, Judge Mullins signed an order setting

aside his order of nonsuit, and appeal was taken from this last order, and that order was reversed in an opinion recently filed by this Court, with leave to the plaintiffs (appellants here) to perfect their appeal from the order granting the nonsuit. The order of nonsuit appealed from is as follows: "Upon the close of plaintiff's testimony in the above stated case, the defendant moved for nonsuit upon the various grounds stated in the record. It appearing to my satisfaction that the plaintiffs have failed to show that they, or any one of them, their ancestors, predecessors or grantors, were seized or possessed of the premises in question, or any part of such premises, within ten years, or within twenty years, or within forty years, before the commencement of this action, and it further appearing that the evidence, as offered by the plaintiffs is insufficient to sustain a verdict for them, and totally fails to make out their case, it is ordered that the nonsuit in said case be, and is hereby, granted."

The appellants, by their exceptions (nine in number, which should be set out in the report of the case) question the correctness of this holding by his Honor. A careful examination of the evidence in the case forces us to the conclusion that his Honor was in error in not submitting the case to the jury to pass upon the evidence in the case. The order of nonsuit was based mainly upon the statute of limitations and adverse possession. There was a *scintilla* of evidence to go to the jury on these questions, as well as that of common source, of title. Chief Justice McIver, in *Thomas* v. *Dempsey,* 53 S. C. 218, 31 S. E. 231, says: "The rule is well settled that where the question is, whether a party has acquired title to real estate by adverse possession for a period of ten years, it must be clearly proved and shown." *Rochell* v. *Holmes,* 2 Bay, 487, *Harrington* v. *Wilkins,* 2 McC. 289. Where it is said the character of possession is a question for the jury. *Cantey* v. *Platt,* 2 McC. 260; *Porter* v. *Kenny,* 1 McC. 206; *Hill* v. *Saunders,* 6 Rich. 62; *Abel* v. *Hutto,* 8 Rich. 42. The law is so well settled that

quotation of authority is unnecessary; that where there is any competent relevant testimony to go to the jury, that a nonsuit cannot be granted. We cannot escape the conclusion that there was evidence to go to the jury upon all of the issues that the Judge based his order of nonsuit and that he was in error and order appealed from should be reversed.

Judgment reversed.