8970

STOKES *ET AL.* v. MURRAY.

(83 S. E. 33.)

PLEADINGS. AMENDMENT. TRIAL. REMARKS OF COURT BEFORE JURY. HUSBAND AND WIFE. MARITAL RIGHTS. VESTED INTEREST. ADVERSE POSSESSION.

1. LIMITATION OF ACTIONS—PLEADING STATUTE—DISCRETION OF COURT—AMENDMENT BEFORE TRIAL.—It was within the discretion of the Court to impose terms on allowing defendant to amend his answer before trial so as to plead the statute of limitations.

2. TRIAL—COMMENT ON EVIDENCE—OPINION ON MERITS.—In an action to recover real estate, the language of the Court, upon plaintiffs' motion to direct a verdict, that he was not going to direct a verdict one way or the other, that there was some evidence to go to the jury that his opinion was that a husband and wife ought not to be allowed to stand for 40 or 50 years and not make any claim to property, and that defendant ought not to be subjected to the harsh rule that the statute could not run against a married woman, was error, as calculated to impress the jury as to his opinion on the facts of the case, and that the claim of plaintiffs was without merit.

3. Prior to the Constitution of 1868 the marital rights of a husband attached to the real estate of his wife after marriage, whether she was in possession or not.

4. The marital right of a husband, which attached in the real property of his wife prior to the Constitution of 1868, was a vested interest, which entitled him to possession during coverture.

5. Where the marital rights of a husband attached to lands of his wife prior to the Constitution of 1868, the wife had no right to possession during coverture, and when she predeceased her husband, her heirs could maintain an action to recover possession, or rents and profits, of such land at any time within ten years after her death.

6. LIMITATION OF ACTIONS—RECOVERY OF REAL PROPERTY—DISABILITY—COVERTURE.—In an action to recover real estate, where the ancestor under whom plaintiff claimed, and who had owned the land in fee, married before the adoption of the Constitution of 1868, vested in her husband an interest in her real estate, *held,* that the 10-year limitation of act 1712, as amended by act 1824 (6 St. at Large, p. 238), sec. 7, repealed by act 1870 (Code of Procedure 1870, sec. 96,), did not apply, and that plaintiffs' action begun within ten years after removal of the disability of coverture was not barred.

Before SEASE, J., Bishopville, Spring term, 1914. Reversed.

Action for recovery of real estate, commenced July 21st, 1909, by J. L. Stokes, F. L. Stokes, J. K. Stokes, F. L. Watford, Francis Rush, Sarah C. Joyner and Priscilla Russal, plaintiff-appellants, against William M. Murray, defendant-respondent. Frances L. Stokes, the wife of J. L. Stokes, and the mother of the other plaintiffs, who claim as her heirs at law, died September 20, 1906. The other facts are stated in the opinion. From a judgment for defendants, plaintiffs appeal, on the following exceptions:

1. It is respectfully submitted that his Honor, the trial Judge, committed error in using the following language on the first day of the trial, to wit:

Court: I am not going to direct a verdict, but I want to hear you on the propositions of law. * * * My own opinion

FOOTNOTE.—As to the effect of husband's life estate, during coverture, to suspend or prevent the running of the statute of limitations against wife's title to real estate adversely possessed, under laws of other States, see note in 10 L. R. A. (N. S.) 86.

is that a husband and wife ought not to be allowed to stand by for forty or fifty years, and not make any claim to property, but, at the same time, I feel that I am bound by *Garrett v. Weinberg,* and, in other words, if people have sat by for forty-odd years, and come in and make a claim to it after forty years, it seems to me, as I view the law now, will bind me to charge the jury that the statute can't run against a married woman, and, if I charge that way, I feel I am overruling the decision of the Supreme Court. That is the way I feel about it, and you people ought not to be subjected to that harsh rule that the statute cannot run against a married woman. * * *

The error being that said remarks expressed his Honor's opinion on the facts of the case in a manner highly prejudicial to the rights of appellants.

2. That his Honor, the trial Judge, erred, it is respectfully submitted, in charging the jury as follows:

I have read the act of 1712, as amended by the act of 1824. Now, that was repealed in 1870, and in connection with that, I read also the law in existence at that time, the statute of 1870. (Reads statute.)

That, as I understand, the law wasn't repealed until 1870, as I have also read you, before up to 1870. Then I charge you that a married woman did have the right, and without the consent of her husband, to bring suit for possession of—for her own property, real or personal. In a presumption of a grant, a conclusive presumption of a grant, as I started to tell you a while ago, to tack the possession of one to another on down to twenty years or more, made out, after that lapse of time, if the person had the right to the property, and made no claim to it, or no effort to claim, and stood by and allowed people to use it as their own for twenty years, then, the presumption was that the man who used it for that length of time entered under a deed and he would be estopped from bringing a suit to recover the land.

And in charging the jury the defendant's first, second and third requests, which are as follows:

That if the jury find that the right of action accrued to the plaintiff's ancestor, Mrs. Frances L. Stokes, to recover the land in question at a period ten years prior to the repeal of the act of 1712 in 1870, and that she did not prosecute her right or acquire possession within the said period of ten years, then she and all claiming under her, as her heirs at law, are forever barred from recovering the same.

2. That if the jury find that the right of action to recover the land in question accrued to Mrs. Frances L. Stokes at any time prior to the repeal of the act of 1712 in 1870, and that neither she, nor those claiming under her brought any action to recover the same within a period of ten years from the time such right of action accrued, then, she, and all claiming under her, are barred from recovering the same, whether such ten years expired before or after the repeal of said act in 1870.

3. The jury are instructed that if they find from the evidence that Mrs. Frances L. Stokes, or her husband, had no possession of the land in question from a period prior to 1870 for a period of twenty years, the law raises the presumption that she and her husband executed a deed to the party in possession of the land. If you find that some other person was in possession, and that such presumption of the law is of the same binding force and effect upon the jury as if their deed had been actually proved and produced in evidence.

It is respectfully submitted that the act of 1712, amended in 1824, referred to in his Honor's charge, placed a limitation upon the time within which a *feme covert* could bring an action for the recovery of real property *after* coverture was removed, and did not bar her for failure to bring an action *during coverture;* that the right of action did not accrue until the *feme covert* or her heirs, until the death of her husband, whether before or after

1868; that the bar of the statute of limitations could not arise against the *feme covert* until the right of action accrued, and that it was error for his Honor to charge otherwise.

3. That his Honor, it is respectfully submitted, erred in charging the jury as above set out, for the reason that the statute of limitations, and the twenty year presumption of a grant could have no application to this case until after the death of the husband of Mrs. Frances L. Stokes, the ancestress of the plaintiffs, because, prior to that time, she was laboring under the marital disability imposed by law, that of coverture, against which the said statute and presumption could not run.

4. That his Honor, the trial Judge, erred, it is respectfully submitted, in failing to direct a verdict for the plaintiffs upon the issue of title at the close of the testimony, upon the grounds then urged before him, to wit, that the undisputed evidence in this case showed that the plaintiffs and defendants claimed title from a common source, to wit, James Corbett, Sr., who died about 1856; that the tract of land in dispute was awarded to the plaintiff's ancestress in 1858, she then being a married woman; that there could be no adverse possession against her during coverture; and that her discoverture commenced within a period of ten years prior to the commencement of this action, the error being that said grounds contained sufficient reason to direct said verdict, and his Honor should have so held.

*Mr. L. D. Jennings,* for plaintiffs-appellants, submits: *As to remarks of Judge in presence of jury, in passing on motion:* 80 S. C. 383; 81 S. C. 379; 87 S. C. 410. *Statute of limitations:* 48 S. C. 28; 18 S. C. 526; 2 Mills 12; *Ib.* 202; 11 S. C. 71; 6 Rich. L. 132; 74 S. C. 60; Act of 1712, 2 Stats. 583; Act of 1744, 3 Stats. 612; 11 Rich. 564.

*Mr. A. B. Stuckey,* for respondents, submits: *That the Statute of 1712, 2 Stats. 538, as amended in 1824, 6 Stats.*

*238, barred right to recover, where ouster occurred prior
to March, 1870,* and cite 3 Rich. 449, and 48 S. C. 28, 43.

*Mr. T. H. Tatum,* also for respondent.

October 10, 1914.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This is an action to recover real estate and has been
before this Court before, but the questions involved in this
appeal were not passed upon. It is reported in 95 S. C.
120, 78 S. E. 741. It was tried before Judge Sease and a
jury at the Spring term of the Court for Lee county,
1914. The defendant was allowed to amend his
answer some months prior to the trial, so as to plead
the statute of limitations under the act of 1712. Terms
were, however, imposed upon the defendant in allowing this
amendment to answer, and defendant appealed from so
much of his Honor's order as imposed terms, and a motion
was made in this Court to dismiss this appeal by the plain-
tiffs. When the case was tried on the merits before Judge
Sease and a jury the defendants relied as a defense on the
statute of limitations for ten, twenty and forty years, and
sets up as a bar the act of 1712 and amendment to that act
by act of 1824. The plaintiffs at the trial took the posi-
tion that their ancestor, under whom they claimed and who
owned the land in fee, being a married woman was not
barred by the statute of limitations, set up as a defense by
the defendant; that she married her husband prior to the
adoption of the Constitution of 1868, and she died before
her husband, and she did not die until four years
before the commencement of this action. The trial before
Judge Sease resulted in favor of defendant, and, after entry
of judgment, plaintiffs appeal, and ask reversal as to the
motion to dismiss the appeal from so much of the order of
Judge Sease allowing the amendment of answer but impos-

ing terms upon the defendant, which defendant alleges was an abuse of discretion on the part of his Honor. This was clearly within the discretion of his Honor, and we see no erroneous exercise of this discretion. Chief Justice Gary, in *A. Wichman and Son* v. *Fox,* 96 S. C. 470, 81 S. E. 180, states the rule. The appeal of the defendant-appellant is dismissed.

The plaintiffs, by four exceptions, impute error on the part of his Honor, and these exceptions practically raise two questions, the remarks of his Honor before the jury on the motion to direct a verdict for the plaintiffs, wherein he used language which appellants allege was virtually prohibited by the Constitution, and a charge on the facts, and his Honor's construction of the act of 1712. We think the language used by his Honor was calculated to impress the jury as to his opinion as to what the facts of the case were, and he strongly conveyed to them that, in his opinion, the claim of plaintiffs was without merit or justice to sustain their recovery, and his language was certainly as strong as that used by the Circuit Judge, who was the writer of this opinion in *Latimer* v. *Electric Co.,* 81 S. C. 379, 62 S. E. 438, and the *State* v. *Arnold,* 80 S. C. 383, 61 S. E. 891. In both cases the duty of Circuit Judge is clearly set out, and the words used by Judge Sease came clearly within the rules laid down by this Court in those cases, and this case went to the jury charged with an opinion of the trial Judge prejudicial to the rights of the plaintiffs that justice and equity ought to prevent a recovery by them.

The other exceptions raise the question: Was his Honor in error in construing the act of 1712 and amendment there by act of 1724 as a bar to the plaintiff's recovery, he having held as a question of law that the act of 1712 as amended by act of 1824 was a law of the State until it was repealed by the act of 1870; and a failure on the part of Frances L. Stokes, the plaintiffs' ancestor, to bring her

action to recover the land in question at a period of ten years prior to the repeal of the act of 1712, and that if she did not prosecute her right or acquire possession within that period, then she and her heirs at law and all others claiming under her would be forever barred from recovering the same? In other words, his Honor held that the act of 1712 was in force until 1870, and that would prevent a recovery if facts warranted it. There was an abundance of evidence that Frances L. Stokes, who before her marraige was Frances L. Corbett, inherited from her father an interest in the land he owned, and the land in dispute was set off to her in a partition suit between the heirs of her father. This partition suit was ended in 1858. Frances L. Corbett married Stokes sometime in the fifties, as a son was born to them in 1859. She predeceased her husband several years. We think his Honor was in error in construing and charging the act of 1712 and amendments, as he did. There was some evidence that Frances L. Stokes and her husband were in possession of the land in dispute after 1870. The marital rights of Stokes attached to the real estate of his wife after marriage, whether she was in possession or not, and he was entitled to the usufruct rents and profits, etc., of the same during his life. Possession was not necessary as to real estate. It was different as to personal property, it had to be reduced to possession for marital rights of husband to attach. Frances L. Stokes having married prior to the adoption of the Constitution of 1868 her husband acquired a vested interest in the real estate of his wife and was entitled to the right of possession of such real estate and the rents, issues and profits therefrom during coverture. Frances L. Stokes did not have the right of possession of her real estate nor the rents and profits therefrom until the death of her husband, and she predeceased him, and the cause of action, and the right to bring suit to recover the land and for rents

and profits did not accrue until the death of her husband. There could be no adverse holding against Frances L. Stokes, a married woman, married prior to the adoption of the Constitution, with her husband having a vested interest in her real estate during coverture whether she was in possession of real estate that she owned or not. Frances L. Stokes was never relieved of the disability of coverture, as she died before her husband, and at no time could she have maintained this action, but it descended to her heirs at law and they brought their action within ten years after disability of coverture was removed.

Judgment reversed and new trial granted.