## 9199

### STOKES *ET AL*. v. MURRAY *ET AL*.

#### (87 S. E. 71.)

RECOVERY OF REAL PROPERTY. COMMON SOURCE OF TITLE. PRESUMPTION AS TO POSSESSION. ISSUES. EVIDENCE. TRIAL. CHARGE. DIRECTION OF VERDICT.

1. RECOVERY OF REAL PROPERTY—COMMON SOURCE OF TITLE.—In an action for recovery of real property it is unnecessary to prove title beyond a common source.

2. RECOVERY OF REAL PROPERTY—TITLE—POSSESSION.—In an action for recovery of real property possession is presumed to follow the legal title.

3. RECOVERY OF REAL PROPERTY—DIRECTION OF VERDICT.—Where the undisputed evidence connects plaintiffs' title with a common source of title under which both plaintiffs and defendants claim, and defendants prove no paper title, and the action is brought within four years after the removal of disabilities, which prevented plaintiffs and their ancestor from sooner bringing the action, a verdict for plaintiffs was properly directed.

4. RECOVERY OF REAL PROPERTY—ISSUES—EVIDENCE.—In an action for recovery of real property, where only legal issues are raised, evidence tending to prove only an equitable title was properly excluded.

5. TRIAL—CHARGE—APPEAL AND ERROR.—The failure of a Court to give a charge not requested at the trial cannot be considered on appeal.

6. LIMITATIONS OF ACTIONS—MARRIED WOMEN.—Before 1868, when a cause of action accrued to a married woman during coverture

(except against executors and administrators under the circumstances mentioned in acts Assembly 1712, P. L. 103, 2 Brev. Dig. Title 110, sec. 16, p. 23) she was under a disability to sue, and time does not run against her until discoverture.

Before RICE, J., Bishopville, Fall term, 1914.    Affirmed.

Action by J. L. Stokes and others against Elizabeth Murray and others, commenced in 1909, for recovery of real. property. From judgment for plaintiffs, defendants appeal on the following exceptions:

"1. Because this action being for the recovery of the possession of the land the title of the plaintiffs to which being put in issue by the general denial and special pleas in the answer and the evidence showing that there were issues of fact, as to title and the right of possession, that his Honor was without authority of law to decide the issue of title and right of possession, and erred in not submitting the same, under a proper charge, to the jury to decide the same and erred in instructing the verdict thereon for the plaintiffs.

2. Because the defendants, having pleaded the statute of limitations against *femes covert* of 1712, his Honor erred in not charging the jury as to the force and effect of such statute in this case and what effect the statute would have if the adverse possession began prior to its repeal in 1870, there being an issue of fact in the case whether the adverse possession against the plaintiffs' ancestor began prior to 1870 or since that date.

3. Because his Honor erred in refusing to admit in evidence that part of the written statement attributed to Jesse A. Corbett as of testimony of a former trial of a witness deceased at the time of this trial, the portion excluded being, 'Furthermore, that more than fifty years ago his sister, F. L. Stokes, was paid the consideration for the tract of land in dispute by J. J. Corbett, who took possession of such land and held it for many years.'

4. Because his Honor erred in not instructing the verdict for the defendants, in that it was admitted that when this action was brought by the children of Frances L. Stokes, her husband and their father, J. L. Stokes, was alive, who joined in the action with them, and who died since it was brought, and the present plaintiffs had no right of possession when they brought the action, their father, J. L. Stokes, only, having then, the right to claim possession of his wife's land under the marital law applying to this case, that at his death his right of possession died with him, as of a life tenant, and that the plaintiffs having had no right of action when they brought this suit, the same must fall, whatever rights may have accrued to them since that time, and the jury should have been instructed to find for the defendants."

*Messrs. A. B. Stuckey* and *T. H. Tatum,* for appellants. The former cites: A. A. 1712, P. L. 103; 2 Brev. Dig., title 110, secs. 2 and 16, pp. 19 and 23; 36 Am. Dec. 70, 71; 3 Rich. 449. *Action premature:* 83 S. E. 35; 1 Cyc. 744, 745.

*Mr. L. D. Jennings,* for respondent, submits: *First exception is too indefinite:* Rule V, Sup. Ct.; 83 S. C. 202; 91 S. C. 228. *Decision on last appeal, 99 S. C. 223, conclusive on question attempted to be raised; new matter showing equitable title should have been plead:* Code Civ. Proc., sec. 199; Pom. Rem. Rights, pp. 733, 110; 31 Cyc. 131, 218; 16 S. C. 586; 4 S. C. 52; 7 Enc. Pl. & Pr. 799 and 805. *Exception in favor of estoppels:* 27 S. C. 235; 81 S. C. 329. *Life tenant and remaindermen may join action to recover lands:* Code Civil Proc., sec. 166. *Husband's exclusive right to possession continued only during coverture. On death of married woman, lands descended to her heirs:* Act of 1791, 5 Stats. 163.

September 28, 1915.

The opinion of the Court was delivered by Mr. Justice Gage.

This cause has been hither thrice before this: 94 S. C. 18, 77 S. E. 712; 95 S. C. 121, 78 S. E. 741; 99 S. C. 221, 83 S. E. 33.

The action is to recover the possession of sixty-two and one-fourth acres of land and damages to it.

On the issue of title the Court directed a verdict for the plaintiff, and referred the issue of damages to a jury.

There are four exceptions by the defendants, but there are really only two questions to be decided, and at most only three.

The appellants contend this:

(1) That the verdict ought not to have been directed for the plaintiff; but, on the other hand, the Court ought to have directed a verdict for the defendants. (1st and 4th exceptions.)

(2) That the testimony of Jesse A. Corbett was competent, and ought not to have been excluded. (3d exception.)

(3) That the defendants, having plead as a bar to the action the statute of 1712, the Court ought to have charged the jury the force and effect of that statute. (2d exception.)

These in their order:

1. The plaintiffs proved a legal title in Mrs. Frances L. Stokes in 1858; and they may rest there and go no further back. They did go further back than that date; but it was not necessary to do so. There has been, and there is now, no denial but that Mrs. Stokes did have the legal title then; for all the argument about the statute of 1712 is based on that assumption.

From 1858 to her death, in September, 1906, Mrs. Stokes was married to John L. Stokes, and the plaintiffs are the children of that union.

John L. Stokes died about 1910, and the plaintiffs are the sole heirs at law of John and Frances.

The defendants contend, however, that it was not sufficient for the plaintiffs to prove a legal title in Frances; that

the defendants and their parents had possession of the foot; that "if we are only to presume that possession followed the legal title, still this was a question of fact for the jury, and not for the Judge."

A sufficient answer to that argument is that the plain words of the statute law are to the contrary. (Code of Procedure, section 126.)

Where the plaintiffs proved, as they did, a good legal title in themselves through Frances, the possession was drawn to the title.

Indeed, the defendants tendered a witness, Jesse A. Corbett, to prove that Frances sold the land to J. J. Corbett; and the paper title of the defendants, proved by the plaintiffs, shows that the defendants claim through J. J. Corbett.

Plainly, therefore, Frances was both owner of the legal title, and she is also, by the defendants' argument, the common source of title of both the plaintiffs and the defendants.

Therefore, the burden was then cast upon the defendants to defeat the plaintiffs' title.

Therefore, the defendants plead (1) a good paper title; also (2) ten and forty years' adverse possession; also (3) the bar of the act of 1712.

But no paper title was proven; and so far as adverse possession is concerned, there could be no adverse holding against Frances so as to ripen into title, because she was under a disability to sue up to her death in 1906, and the action was brought in 1909. It was distinctly held upon the last appeal (99 S. C. 228, 83 S. E. 33) that the wife, Frances, had no right to dominion of the estate during coverture, which only ended in 1906; but that the right of possession and dominion was in her husband, John L. Stokes, who died in 1910. This action was brought in 1909.

It was also held in the last appeal, that the cause, with reference to the statute of limitations, was controlled by the act of 1712; and that by that statute the action was brought in due time.

Reverting to the alleged bar under the act of 1712; the appellant suggests that section 16 (2 Brev. Digest, title 110, sec. 16, p. 23) thereof provided a way for the wife to have asserted her right; and that, therefore, Mrs. Stokes was under no real disability.

They cite *Starke* v. *Starke,* 37 S. C. L. (3 Rich.) 449, to sustain that view.

But that cause is no authority for such a motion. In the first place, the Court thought the question there mooted was "not necessary to decide in this case." The facts of the Starke case differ from the facts in the case at bar. Here the husband did nothing to defeat or to hinder the wife's right; nor did she.

The husband might have aliened his own right, but did not; neither did he undertake to sell or to encumber, nor to do aught with his wife's right. She had no "right or claim" which enable her to move under section 16 of the act of 1712.

Our cases distinctly hold, that before 1868, when a cause of action accrued to a married woman during coverture (except under circumstances mentioned in section 16 of the act, A. A. 1712, P. L. 103; 2 Brev. Dig., title 110, sec. 16, p. 23), she was under a disability to sue, and time does not run against her until after the disability has been removed, to wit, until discoverture. *Fewell* v. *Collins,* 8 S. C. L. (1 Const. R.) 202; *Brown* v. *Spann,* 9 S. C. L. (Const. R.) 240; *Minnerlyn,* 4 S. C. L. (2 Brevard) 2; *Jones* v. *Reeves,* 40 S. C. L. (6 Rich.) 132; *McCreary* v. *Coggeshall,* 74 S. C. 60, 53 S. E. 978, 7 L. R. A. (N. S.) 433n, 7 A. & E. Ann. Cas. 693; *Garrett* v. *Weinberg,* 48 S. C. 28, 26 S. E. 3.

The first and fourth exceptions are, therefore, unsound, unless the next issue to be considered shall save them.

2. The next issue, that made by the 3d exception, concerns the Court's exclusion of certain testimony proffered by Jesse A. Corbett, a witness for the defendants. The following is that which was excluded: "More than 50 years ago (my) sister, Frances L. Stokes, was paid the consideration for the tract of land in dispute by J. J. Corbett, who took possession of the said land and held it for many years."

The confessed object of the testimony is to prove an equitable title in J. J. Corbett, a remote grantor of the defendants.

The argument is (1) "if a plaintiff undertook to prove by parol that he bought from the owner and paid the price would not the Court have admitted the evidence as a matter of which equity would take notice if proven, and decree that he was due to get a paper title."

The argument further is (2) that proof of payment of the price "raises the presumption that in pursuance thereof a paper title was duly made."

We think neither of these propositions is true in this case.

The contest here is, by the pleadings, one between legal titles.

The complaint alleged a legal title; the answer denied it, and plead "a written instrument, to wit, a deed of conveyance to the same in fee simple."

The defense sought by this testimony to be proven was in the first place not alleged; it is new, and ought to have been plead; it sets up an equitable title. The issue now sought to be made by that testimony is triable by a Court, and not by a jury. It has not been tried, and was not proper to be tried below under the pleadings. Pomeroy's Remedies, sec. 691; *Barber* v. *McAliley,* 2 S. C. 52; *Ellison* v. *Collicutt,* 26 S. C. L. (1 McM.) 8; *Watts* v. *Witt,* 39 S. C. 369, 17 S. E. 822.

The Court was right to exclude the testimony of Jesse Corbett, which went to prove only that in equity a deed ought to have been made.

3. The third issue, that made by the second exception, is without merit.

The Court was not requested to charge anything. It is stated in the printed argument of appellant that requests were prepared, but were not read. Such requests may not now be considered, of course.

But the Court in effect ruled on the statute of 1712 when a verdict was directed.

The judgment of the Circuit Court is affirmed.