## YOUNG v. GARLINGTON.

1. An exception alleging error to the Circuit Judge "because he failed to sustain plaintiff's exceptions to the master's report, and that he did not give the plaintiff the relief he asked," is too general, and therefore, under rule 5, cannot be considered.
2. In action for the foreclosure of a mortgage given by defendant as "agent and trustee" for the purchase money of a house and lot conveyed to him as "agent and trustee," it appeared that the defendant, in these transactions, was acting for his wife, with the knowledge of the mortgagee. *Held*, that the Circuit Judge did not err in requiring, of his own motion, the wife of the mortgagor to be made a party.
3. Findings of fact by master and Circuit Judge approved.
4. Accounts contracted under an agreement that they shall be considered as part payment by the debtor on a bond held by her against the creditor are properly applicable, as of their date, in part payment of the bond, and the defence of the statute of limitations to these accounts, when pleaded as such payments, was properly overruled.
5. In action by an executor against G. for foreclosure of a mortgage given to testatrix, G. asserted his interest as legatee in satisfaction of the debt. Plaintiff, in his reply, alleged that G. had in his possession assets of testatrix more than sufficient to cover his interest in the estate. It appeared at the trial that Mrs. G. was the real debtor on the bond and mortgage, and by amendment Mrs. G. was brought in. *Held*, that under this changed character of the action the litigation between plaintiff and G. as to the estate of plaintiff's testatrix could not be considered.

Before HUDSON and NORTON, JJ., Laurens, June, 1886, and September, 1887.

This was an action by John L. Young, as executor of Susan W. Garlington, against Stobo D. Garlington, to which, by order of Judge Hudson, Mary Y., the wife of defendant, was afterwards made a defendant. After this amendment, the master, C. D. Barksdale, Esq., made a report, in which he found as follows:

That on October 8, 1868, the defendant, Mary Y. Garlington, then Mary Young, a *femme sole*, in consideration of the marriage which was soon to be solemnized between her and Stobo D. Garlington, conveyed by deed to the said Stobo D. Garlington a certain interest in certain real estate in the State of Tennessee in trust for her sole use and benefit, authorizing him to collect the rents of the same and pay them over to her, and also empowering him to sell the said property and reinvest the proceeds thereof in such other property, with her approval in writing; such other property to be held by him for the same uses and purposes, and upon the same trusts as set forth in said deed. About February, 1876, the said Mary Y. Garlington appointed the said Stobo D. Garlington her agent to transact any and all business in connection with her estate or property.

That when the said Stobo D. Garlington made the purchase of the mortgaged property, the intention was to purchase it as the agent and trustee of his wife, the said Mary Y. Garlington, and it was so understood by the plaintiff's testatrix. The $500 credited upon the bond on January 28, 1880, as received from "Stobo D. Garlington, agent," was the money of the said Mary Y. Garlington. All payments or advancements made during 1876, and for several years afterwards, by S. D. Garlington for the benefit of plaintiff's testatrix, were made with the money of the said Mary Y. Garlington.

That the said Mary Y. Garlington is the owner of the note given by plaintiff's testatrix to S. D. Garlington on the 1st day of January, 1871, for $1,226.27, the same having been duly transferred to her by the said S. D. Garlington about January, 1872. The $200 paid by the said S. D. Garlington to the plaintiff's testatrix about January, 1872, was the money of the said Mary Y. Garlington.

That the deed made by plaintiff's testatrix at the time of the purchase of the mortgaged property conveys the property to "Stobo D. Garlington, agent and trustee, his heirs and assigns forever." The deed, bond, and mortgage were drawn by the plaintiff, John L. Young, and in the form they are, by the advice of the said John L. Young.

This state of facts, as it seems to me, puts very much of a new

face on the action. Does Stobo D. Garlington hold the mortgage property "for the same uses and purposes and upon the same trusts" as are set forth in the deed of trust with reference to the Tennessee property? It does not appear that the Tennessee property has been sold. On the contrary, it seems that it has not been sold, so that the mortgaged property has not been substituted for the Tennessee property. But there is no doubt that in buying the mortgaged property the intention of Stobo D. Garlington was to act as the agent and trustee of his wife, and this was known to the vendor, the plaintiff's testatrix, as well as to the plaintiff himself, who drew the papers and advised that they should be drawn in the same form that they are. There is no doubt, too, that the $500 paid on the bond on January 28, 1880, was from the rents and profits of the Tennessee property.

The payments to and for the benefit of plaintiff's testatrix during 1876, and for several years afterwards, were made with the money of Mrs. M. Y. Garlington, perhaps derived from property of hers in this and Newberry Counties, though this does not definitely appear. The $200 paid by S. D. Garlington to plaintiff's testatrix about January, 1872, it seems, came from the former guardian of Mrs. M. Y. Garlington, as a part of her interest in her father's estate. I am of opinion that Stobo D. Garlington does not hold the property under the limitations of the trust deed with reference to the Tennessee property, but that he did buy the property as agent of his wife, and having made payments on the purchase with money, the absolute property of his wife and principal, although the bond and mortgage standing alone, purport to be his personal contracts, and the deed on its face purports to convey to him the fee simple or legal title, there is a resulting trust in him in her favor, and the debt is really, and in fact, hers.

Therefore the payments made to and for the plaintiff's testatrix with the money of Mrs. M. Y. Garlington, as well as the amount due on the note transferred to her prior to the purchase of the mortgaged property, must be set off against the amount due on the bond, and a decree rendered for the balance that may be due the plaintiff.

The bond is dated April 18, 1876, and is for the payment of

"five thousand dollars in five equal annual instalments of one thousand dollars each, with interest on each instalment from the fourteenth day of February, eighteen hundred and seventy-six (1876)." This bond, the mortgage, and the deed, were executed on April 18, 1876, in pursuance of an agreement entered into in writing on February 14, 1876, by the plaintiff's testatrix and Stobo D. Garlington, "agent and trustee," for the sale and purchase of the property for the sum of five thousand dollars, on a credit of five years, payable in equal annual instalments, with interest from date. The interest due on each instalment at maturity became principal and bears interest. The following I regard as a correct calculation on the bond.   *   *   *

I recommend that the plaintiff have judgment against the defendant, Mrs. M. Y. Garlington, for the sum of $4,412.41-100, and the costs of these proceedings, and for the foreclosure of the mortgage and a sale of the mortgaged property, and the application of the proceeds of sale to the payment of the debt and all costs from the inception of this action.

As to the matters set up by plaintiff in his reply, I am yet of opinion, as stated in my former report, that the defendant, Stobo D. Garlington, is liable to account for the bank and railroad stock, but he is liable to so account as the trustee of the plaintiff's testatrix. This is a cause of action, then, entirely separate and distinct from that set up in plaintiff's complaint, not consistent therewith, and affecting the rights only of defendant, Stobo D. Garlington, since it is shown that the cause of action set up in the complaint is really and in fact the debt of the other defendant, Mary Y. Garlington. It is apparent to me that these matters set up in reply will greatly exceed in value such claims as it seems the defendant, Stobo D. Garlington, owns in his individual capacity against the estate of plaintiff's testatrix. No judgment can be rendered in this action as to these matters. No judgment can be rendered in this action against S. D. Garlington, on the $623 note mentioned in the testimony taken at the former reference for the same reasons, and because it is not pleaded.

It was stated in the former report that the defendant was entitled to have credit for $24 paid to certain costs in proceedings in dower in Florida, but upon examination of the papers it appears

that this was paid by the defendant, Stobo D. Garlington, as the executor of the estate of John Garlington, deceased. Therefore it does not come into this case.

The case came up in the Circuit Court on exceptions by the plaintiff to this report. The Circuit decree was as follows: ·

The action was commenced against Stobo D. Garlington as sole defendant, and Mary Y. Garlington was subsequently made a party defendant by order of this court.

Much stress was laid in the argument of this case upon the fact that the defendant, Stobo D. Garlington, undertook, when he was sole defendant, to defeat plaintiff's claim by setting up defences inconsistent with any theory, except that the contract was his individually, and not that of his wife. There would be much force in the argument if it had not appeared in evidence, that the present plaintiff was the conveyancer and *quasi* legal adviser of both his testatrix and the defendant here, and knew at the time of the trade that the purchase was for the defendant, Mary Y. Garlington. ⸱ The memorandum of agreement entered into between Susan W. Garlington and Stobo D. Garlington, "agent and trustee," on the 14th day of February, 1876, shows that Susan W. Garlington, at the time of the purchase, knew that Stobo D. Garlington was not acting as an individual, but as "agent and trustee." This agreement was executed in the presence of John L. Young, the plaintiff herein. The facts, as revealed in the testimony, satisfy me that the plaintiff and his testatrix well knew the object of the purchase, and that it was their intention to convey the purchased premises to the defendant, Mary Y. Garlington.

Plaintiff now seeks to take advantage officially of a wrong which he perpetrated on the defendant, Mary Y. Garlington. Even if he were to lose by doing so, no Court of Equity would permit it, but neither he nor his testatrix is to lose by the confirmation of the master's report. It appears in evidence that the defendant, Mary Y. Garlington, has a considerable amount of property besides the mortgaged premises, and judgment will be rendered against her for any deficiency.

I am satisfied that the master has not erred in the credits

allowed. ˙ They were payments from Mrs. Mary Y. Garlington's trust property, and cannot be barred by the statute of limitation. They would not, strictly speaking, bear interest, because they were payments, but they would stop interest, and the difference is so small that I would not recommit the case for the purpose of correction, but I have recast the same, and find the balance due to be three thousand seven hundred and seventy-nine dollars and fifty-three cents on the 3d day of September, A. D. 1887. The personal matters between S. D. Garlington and the estate of his mother cannot be litigated in this action, and the pleadings relating to them are dismissed without prejudice to their ascertainment by either side in such actions and defences as they may be advised. .

The exceptions to the master's report are, therefore, overruled, and the same confirmed, except as modified by the recalculation . of interest.

It is therefore ordered and adjudged, that the mortgaged premises described in this action, or so much thereof as may be sufficient to pay the sum due, with interest and cost, be sold at public auction in the County of Laurens by the master of said county upon the following terms : * * * *

Plaintiff appealed on the following grounds :

I. Because his honor, Judge Hudson, erred in not sustaining plaintiff's exceptions to the master's report, and giving plaintiff the relief asked for in the pleadings. II. Because he erred in making Mrs. Mary Y. Garlington a party defendant on his own motion, and recommitting the cause to the master. III. Because his honor, Judge Norton, erred in finding the plaintiff's testatrix intended to convey the mortgaged premises to Mary Y. Garlington. IV. Because he erred in finding that the bond and mortgage sued upon are the personal covenants of Mary Y. Garlington, instead of S. D. Garlington. V. Because he erred in finding that the title to the mortgaged premises is in Mary Y., instead of in Stobo D. Garlington. VI. Because he erred in finding that the $1,226.27 note is owned by Mary Y. Garlington. VII. Because he erred in finding that the accounts, to wit, $8.54, $50, $5, $7, in 1876 ; $100, $17, $5, $90, in 1877 ; $22, $108.58, $50, $5, in 1878 ; $16.50, $5, in 1879 ; $15, in 1880 ;

$200, in 1872, are owned by Mary Y. Garlington. VIII. Because he erred in giving Mary Y. Garlington credit for $200, mentioned in the last above exception, she not having set the same up in her answer. IX. Because he erred in not holding that the accounts mentioned in the 7th exception are barred by the statute of limitations, they having accrued more than six years before the commencement of this action. X. Because he erred in allowing interest on the various items mentioned in the 7th exception, they being merely open accounts. XI. Because he erred in finding that the $500 credit on bond was paid with Mary Y. Garlington's funds. XII. Because he erred in holding that the claim set up by the plaintiff in his reply against Stobo D. Garlington could not be adjudicated in this action. XIII. Because he erred, amongst other errors, in not sustaining plaintiff's plea of the statute of limitation to the claim set up by defendant in his answer. XIV. Because he erred in not finding that defendant was not entitled to interest on the open accounts set up in his answer. XV. Because he erred in not finding that the railroad and bank stock was worth thirty-five cents on the dollar, and that plaintiff could set off the amount due defendant with the same. XVI. Because he erred in not granting order for foreclosure and sale. XVII. Because he erred in finding that John L. Young was the *quasi* legal adviser of any of the parties in interest herein, or committed any wrong as such. XVIII. Because he erred in holding that the payment or claim held by defendant would stop interest on the bond and mortgage, and in not ascertaining the amount due on the bond mortgage. XIX. Because he erred in not giving plaintiff credit for the $385.99, admitted to be due him as executor. XX. Because he erred in not ordering the mortgaged premises sold for cash.

*Messrs. Haskell & Dial*, for appellant.

*Messrs. Ferguson & Featherstone*, contra.

July 6, 1889. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. Stobo D. Garlington, defendant, respondent, some time in 1876 contracted to purchase from

his mother, Susan W. Garlington, a certain house and lot, situate in the village of Laurens, of this State, and in completion of this contract he executed a bond, conditioned to pay to the said Susan W. Garlington $5,000 in five equal annual instalments, with interest, &c. This bond was secured by a mortgage of the premises. Mrs. Susan W. Garlington died on the    day of March, 1880, leaving a will, in which the plaintiff, appellant, was appointed executor, and who, having qualified, the action below was brought on said bond and to foreclose said mortgage, praying judgment for the sale of land, and that execution be awarded for the balance, if any, after application of the proceeds of the sale.

The defendant answered, claiming that he was a legatee under the will of his mother, the plaintiff's testatrix, and that the action of plaintiff should be suspended until the estate was settled. He further claimed that he held a large note on his mother, amounting to some $1,226.27, and also other claims, consisting of moneys advanced, and supplies furnished to a considerable amount, which, by agreement between his mother and himself, should be credited on the bond sued on. To this defence plaintiff replied that defendant was indebted to him as executor in a large amount, arising out of the fact that defendant had possessed himself of a hundred shares of the stock of the South Carolina Railroad and South Western Bank, of the par value of $125 per share, and of one hundred and twenty-five shares of the stock of the South Carolina Railroad Company, of the par value of $50 per share, belonging to his said mother; and also that he had received the rents and profits of certain real estate in Florida belonging to his said mother, all of which he had refused to account for. Plaintiff also denied any knowledge, information, or belief as to the claims set up by the defendant.

The case was referred to the master, and although the bond and mortgage was signed by the defendant, S. D. Garlington, "trustee and agent," and the deed of conveyance conveyed the land to him with the same words, "trustee and agent," added, yet the case was conducted before the referee as if it was an individual matter entirely with the said S. D. Garlington, as there was nothing in the papers showing for whom Garlington was trustee and agent. And upon this state of facts the master made his report, finding

a large amount due on the bond after allowing all payments and credits, and also finding that the defendant held as trustee for his mother the railroad and bank stocks mentioned, which he had refused to turn over to the executor, and which had been lost in his hands.

Upon exceptions to this report, his honor, Judge Hudson, concluding that a final judgment could not be pronounced, in view of the fact that the master had not reached a definite conclusion as to the value of certain items of alleged indebtedness set up in the plaintiff's reply to defendant's counter-claim, &c., &c., recommitted the case to the master. And it appearing in the testimony reported by the master that Mrs. Mary Y. Garlington, the wife of the said S. D. Garlington, might perhaps be the *cestui que trust* indicated in the words "trustee and agent," appearing in all of the papers, in recommitting the case he ordered that said Mary Y. Garlington be made a party defendant to the action, and that upon her filing an answer that the reference proceed, with the view to ascertain the amount due on the bond and mortgage, and with leave to report on any special matter that might be raised.

Under this order, Mrs. M. Y. Garlington became a party, and answered, setting up the claim that her husband, S. D. Garlington, was her agent and trustee of certain of her interests in the State of Tennessee, and in substance claiming that the real estate in question was purchased by her husband for her, and that she was entitled to the payments and credits set up by her said husband in the former reference, &c. The master in the second reference sustained this view of the case, and reported in accordance therewith the amount due on the bond September 3, 1887, by Mrs. M. Y. Garlington, to be $4,412.41, for which he recommended judgment against the said Mrs. M. Y. Garlington. The case assuming in the second reference this new shape, the master declined to allow the plaintiff's claim against S. D. Garlington individually as to the matters presented in plaintiff's reply to the counter-claim set up in the answer of S. D. Garlington, before his wife was made a party.

This report, upon exceptions, was heard by his honor, Judge Norton, who confirmed the same, except as to some errors in

the calculation of interest, and upon recasting the same he found due on the bond the sum of $3,779.53 on the 3rd day of September, 1887, and he ordered a sale of the property, or so much thereof as might be necessary to pay this sum with interest and costs, &c. He further held that the personal matters between S. D. Garlington and the estate of his mother could not be litigated in this action, and that the pleading relating to them should be dismissed without prejudice to either side, &c.

From this decree the plaintiff has appealed upon sixteen exceptions. The first alleges error to his honor, Judge Hudson, "because he failed to sustain plaintiff's exceptions to the master's report, and that he did not give the plaintiff the relief he asked." This exception is entirely too general, and under rule V. of this court cannot be considered. That rule provides that "an exception for the purpose of an appeal must contain a statement of the proposition of law or fact which it is desired to review; and a mere reference to an exception taken to the report of the master or a referee, or to the decree of a judge of probate, will not be sufficient, and an exception so taken will not be considered." The plaintiff filed eighteen exceptions to the master's report, to all of which the exception above refers, with no distinct proposition of either law or fact stated to which error is alleged.

The 2nd exception alleges error, because his honor ordered that Mrs. Mary Y. Garlington be made a party defendant on his own motion, and in recommitting the cause to the master. Section 143 of the Code provides: "That when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in." It appeared in the testimony reported by the master, that Mrs. Garlington might have an interest in the pending controversy, and if so, as she was not before the court, the judgment would not bind her, and therefore that the whole proceeding would be nugatory and useless, settling nothing. Under these circumstances, we do not think that his honor's order was *ultra vires*. It was in the line of preventing unnecessary litigation, and was authorized by the section of the Code, *supra*.

Exceptions 3. 4, 5, 6, 7, 8, and 11 involve questions of fact, and under the rule which requires either an entire absence of all

testimony to support findings of fact by a Circuit Judge, or an evident preponderance of testimony against them before they can be disregarded, these exceptions must be overruled. Here the findings objected to were reported by the master and concurred in by the Circuit Judge, and, upon examination, we cannot say that they were unsupported. In fact, if the witnesses were credible, which was a matter for the master and the Circuit Judge, we do not see how the findings could have been otherwise.

The 9th exception alleges error, because his honor did not hold that the accounts mentioned in exception 7, were barred by the statute of limitations. The evidence showed that these accounts were regarded and understood to be payments on the bond at the date of being contracted—so found by the master and the judge. The statute was therefore inapplicable, and while not strictly carrying interest, they would "stop interest," as held by the judge.

Exceptions 10 and 12 claim that his honor erred in holding that the claim set up in plaintiff's reply against S. D. Garlington could not be adjudicated in this action. When Mrs. M. Y. Garlington was brought in, the case, as we have stated above, assumed a very different status from that which existed when it commenced. At the beginning it appeared to be a case against S. D. Garlington individually, but the subsequent facts developed that it was really a case against Mary Y. Garlington. The bond sued on was against her, the mortgage was hers, and the land purchased was really hers, and the payments and credits had been made from her funds. Such were the facts subsequently found, which findings we have not felt authorized to overrule. Upon these established facts, the entire litigation was between the plaintiff and Mrs. M. Y. Garlington. Such being the character of the cause, the Circuit Judge could not, under the rules of pleading, &c., have allowed an independent litigation to go on between the plaintiff and the defendant, S. D. Garlington, in reference to matters in which Mrs. M. Y. Garlington had no interest. This would have been a joinder of actions for which there was no warrant.

15. The railroad stock, being an individual matter with S. D. Garlington, was not properly in the case. Exceptions 13 and 14 have already been considered.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.