8909

MITCHELL *ET AL.* v. HAMILTON *ET AL.*

(82 S. E. 425.)

Appeal and Error. Exceptions. Action for Recovery of Possession of Realty. Adverse Possession. Charge. Evidence. Legal and Equitable Defenses. Issues. Trial.

1. An exception not argued will be overruled.

2. Tax receipts are admissible in evidence, as tending to prove claim of ownership and that the State has parted with its title, in actions for recovery of real property.

3. An exception to the refusal of a motion, which does not disclose the grounds of the motion, is insufficient.

4. The admission of irrelevant testimony will not be reviewed on appeal, unless shown to have been prejudicial to appellant.

5. Where a deed has been admitted to show color of title under which an entry was made upon lands, an exception to the failure of the Judge to instruct the jury to disregard it, is overruled.

6. A modification of the charge "that where a party goes into possession of a piece of land, and holds the same adversely for ten years, and has thus perfected his right to hold by adverse possession, his possession thus obtained cannot be disturbed by one purchasing from the former owner," by adding, "I charge you that, if he gets that possession rightfully," is erroneous, as the right of entry is immaterial, if, after disclaiming the title under which he entered, or otherwise, one subsequently acquires title by adverse possession.

7. An exception which refers to a request to charge without disclosing the proposition of law requested is insufficient.

8. A charge requiring a person to hold adverse possession of lands for twenty, instead of ten, years in order to obtain title by adverse possession is erroneous. It is only where the party entering into possession relies upon the presumption of a grant that the adverse possession must continue twenty years.

8a. Where a purchaser enters into possession of land under contract of purchase, his rights against the vendor or subsequent purchaser are equitable.

8b. Equitable issues in a legal action are triable by the Court.

9. All defenses, both legal and equitable, may be interposed in an action for recovery of real property, and leave is granted the defendants to amend their answer to set up an equitable defense.

Before Bowman, J., Ridgeland, September, 1913. Reversed.

Action by Fannie B. Mitchell and Rebecca Mitchell, by their guardian *ad litem,* Nancy Mitchell, against Elliott

19—98.

Hamilton and W. P. Tillinghast for recovery of possession of land. From a judgment for plaintiffs, defendants appeal. The facts are stated in the opinion.

*Mr. W. P. Tillinghast,* for appellant, cites: *Burden on plaintiffs to prove title:* 1 Mills 184; Tyler, Ejectment, 72, 738; 15 S. C. 274, 277. *Adverse possession under contract to purchase after twenty years:* Civil Code 2449. *Charge on adverse possession:* 21 S. C. 480.

*Mr. George Warren,* for respondents.

July 20, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action to recover possession of a small tract of land.

The answer was a general denial.

The jury rendered a verdict in favor of the plaintiffs for possession of the land, and the defendants appealed.

The first exception is as follows:

"His Honor erred in refusing defendants' motion for a new trial and abusing his discretion in so refusing, 1, 3 when the verdict was clearly inconsistent with the law and the evidence."

The record does not disclose the grounds of the motion, nor was the exception argued by the appellants' attorneys. It is therefore overruled.

.The second exception is as follows:

"His Honor erred in not sustaining defendants' objection, to the introduction of tax receipts offered in evidence by plaintiffs, and in expressing an opinion, as to the weight and importance to be attached to same."

The cases of .*Ellen* v. *Ellen,* 16 S. C. 132, and *Busby* v. *Ry.,* 45 S. C. 312, 23 S. E. 50, show that the receipts 2 were admissible in evidence, for the purpose of proving a claim of ownership, and that the State had parted with its title to the land.

This exception cannot be sustained.

The third exception is as follows:

"His Honor erred in not granting defendants' motion for a nonsuit, at the close of the plaintiffs' testimony."

This exception fails to state the grounds upon which the motion was made, and, therefore, will not be considered. *Jumper* v. *Bank,* 39 S. C. 296, 17 S. E. 980; *Holtzclaw* v. *Green,* 45 S. C. 494, 23 S. E. 515; *Tucker* v. *Ry.,* 51 S. C. 306, 28 S. E. 943.

The fourth exception is as follows:

"His Honor erred in permitting A. Q. Wilson, plaintiffs' witness, over the objection of counsel for defendants, to testify that he had paid money to Nancy Mitchell, when such testimony was absolutely irrelevant and incompetent."

This exception must be overruled, for the reason that appellants' attorneys have failed to satisfy this Court that there was prejudicial error.

The fifth exception is as follows:

"His Honor erred in failing to instruct the jury to disregard the deed executed by H. D. Burnett, administrator, to Fanny B. Mitchell and Rebecca Mitchell, to the land in dispute, and to let it have no weight with them, in arriving at their verdict."

The deed was admissible in evidence, for the purpose of showing, that the plaintiffs or their ancestors entered under color of title.

The exception is overruled.

The sixth exception is as follows:

"His Honor erred in qualifying defendants' fifth request to charge, by adding: 'If he gets that possession rightfully.'"

The fifth request was as follows:

"I charge you that where a party goes into possession of a piece of land, and holds the same adversely for ten years, and has thus perfected their right to hold by adverse posses-

sion, their possession thus obtained, cannot be disturbed by one purchasing from the former owner."

His Honor, the presiding Judge, said: "I charge you that, if he gets that possession rightfully."

The modification of the charge was erroneous, for the reason that even when a person enters rightfully into possession of land, he may change the nature of his possession, by disclaiming the title under which he entered, and giving proper notice of such fact; or, he may enter as a trespasser in the first instance, and acquire title by adverse possession. *McCutcheon* v. *McCutcheon,* 77 S. C. 129, 57 S. E. 678, 12 L. R. A. (N. S.) 1140.

This exception is sustained.

The seventh exception is as follows:

"His Honor erred in refusing defendants' sixth request to charge."

What was said in considering the third exception, disposes of this exception.

The eighth exception is as follows:

His Honor erred in charging the jury, as follows:

" 'Now, gentlemen, if a man goes into possession under a contract to purchase, he holds that possession, as the possession of the man selling him that land, until after he renounces his relation to the seller; if he leaves the place and then comes back, and says he claims under his own right, and holds it for twenty years, he has a title by adverse possession.' The error being, such charge was misleading and erroneous."

This charge was erroneous, as it is only necessary to hold adversely for *ten* years, in order to acquire a title to land. It is otherwise where the party entering into possession relies upon the presumption of a grant, as in that case, the adverse possession must continue for twenty years. *Ellen* v. *Ellen,* 16 S. C. 132; *Garrett* v. *Weinberg,* 48 S. C. 28. 26 S. E. 3.

This exception is sustained.

This disposes of all the exceptions, but there is a matter which appeals to this Court, for the exercise of its discretion in regard to amendments. The defendants requested his Honor, the Circuit Judge, to charge as follows:

"I charge you that where one has full knowledge of the contract to purchase land, entered into between the owner and the person in possession of the land, one having full knowledge of such contract, purchasing this land from the owner, has no title to the land in question, and his deed thus obtained must be set aside as fraudulent and void. This is based upon the fact, that where one pays a part of the purchase price of land, he has a superior right to all others, and an equitable interest in the land."

His ruling was as follows:

"I cannot charge you that, just as it is here, it may be under certain circumstances, but the ordinary rule is, that if I own a piece of land, and undertake to sell it to you and put you in possession of it, and you paid a large portion of the purchase money, then Mr. C. comes along and buys the place from me, and buys only what interest I have, whenever you want to perfect your title you must bring an action for specific performance against him, and not me. When I sold him the place, I put in him all the title in me, and you can bring a suit against him just as you could have against me."

There was testimony to the effect, that Alonzo Hamilton, from whom the defendants claim title, entered into possession of the land in 1890, under a contract to purchase it from those, under whom the plaintiffs derived their title, and that he remained in possession of the land until his death, which took place a year or two before the case was tried on circuit. His rights were therefore equitable, and were properly triable by the Court, and not by a jury. *Adicks* v. *Lowry,* 12 S. C. 98; *Brownlee* v. *Martin,* 21 S. C. 492.

His Honor, however, seemed to entertain the opinion, that it would be necessary for the defendants, to bring an independent action for specific performance, in order to assert their rights under the contract, made between Alonzo Hamilton and the plaintiffs' ancestors. Such is not the case. All issues, both legal and equitable, can be disposed of in one action. But the legal must be submitted to a jury, and the equitable must be tried by the Court, unless issues are framed by the Court in the manner provided by law.

The defendants did not, in a formal manner, set up the facts upon which they relied as a defense, although they introduced testimony to sustain it.

In order that the issues may be clearly defined upon the new trial, the defendants should have the opportunity of amending their answer, in the particulars just mentioned.

It is, therefore, the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded for a new trial, and that the defendants be allowed to amend their answer, within twenty days after the remittitur is sent down, by setting up the defense hereinbefore indicated.

MR. JUSTICE GAGE did not sit in this case.