### 11971

#### FIDELITY FIRE INS. CO. v. WINDHAM *ET AL.*

(133 S. E., 35)

1. COURTS.—Generally, as between Courts of co-ordinate jurisdiction, one first acquiring jurisdiction of subject-matter of action is permitted to retain it.

2. COURTS—COURT OF COMMON PLEAS HAS EQUAL AND CO-ORDINATE JURISDICTION IN ALL RESPECTS TO ANY OTHER LIKE COURT OF OTHER

COUNTIES EXCEPT AS TO TERRITORIAL JURISDICTION (CONST. 1895, ART. 5, § 15, AND ARTICLE 6, § 3; CODE CIV. PROC. 1922, §9).—Under Const. 1895, Art. 5, § 15, and Art. 6, § 3, and Code Civ. Proc. 1922, § 9, a Court of Common Pleas has equal and co-ordinate jurisdiction in all respects to any other like Court of any other county, except as to territorial jurisdiction.

3. ACTION—EQUITABLE DEFENSES COULD HAVE BEEN PROPERLY SUBMITTED BY INSURANCE COMPANY IN ACTION AT LAW BROUGHT AGAINST IT IN COURT OF COMMON PLEAS, AND INJUNCTION GRANTED BY ANOTHER COURT WAS IMPROPER (CODE CIV. PROC. 1922, § 410).— Where action at law in Court of Common Pleas was brought against insurance company, equitable defenses could have been properly submitted to such Court under Code Civ. Proc. 1922, § 410, and granting injunction by Court of another county was improper.

4. ACTION.—Defendant must plead in answer all his defenses, legal or equitable, and cannot bring separate action on any matter that could have been so pleaded.

5. PARTIES.—Power to bring all necessary and proper parties for determination of matter before Court follows as incident of jurisdiction.

6. INJUNCTION—ORDER RESTRAINING PROSECUTION OF ACTION AT LAW AGAINST INSURANCE COMPANY BECAUSE OF FAILURE TO JOIN NECESSARY PARTIES DEFENDANT HELD IMPROPERLY GRANTED, AS BRINGING IN NEW PARTIES WAS WITHIN DISCRETION OF CIRCUIT JUDGE, WITH RIGHT OF REVIEW BY APPELLATE COURT (CODE CIV. PROC. 1922, §§ 361, 365).—Order restraining prosecution of action at law against insurance company because of failure to join necessary parties defendant *held* improperly granted, since, under Code Civ. Proc. 1922, §§ 361, 365, power to bring in new parties was entirely within discretion of Circuit Judge, with right of review by Appellate Court.

Before WILSON, J., Sumter, January, 1924.    Reversed.

Action by the Fidelity Fire Insurance Company against A. B. Windham and others.    From an order refusing a motion for dissolution of restraining order, defendants appeal.

*Messrs. Waring & Brockington, George E. Dargan* and *Woods Dargan,* for appellants, cite: *Distinction between legal and equitable pleadings abolished:* 12 S. C., 97. *Where two Courts have concurrent jurisdiction the first to entertain a cause has exclusive jurisdiction thereof:* 94 S. E.,

385; 49 S. C., 44; 25 S. C., 204; 17 S. C., 313; 10 S. C., 431; 15 C. J., 114.

*Messrs. Lee & Moise,* for respondent, cite: *Legal proceedings may be enjoined:* 28 S. C., 179; 32 C. J., 85. *Injunction lies against parties, not against Court:* 169 U. S., 460; 42 L. Ed., 817; 44 Conn., 419; 26 Am. Rep., 479. *Equitable jurisdiction in case of mistake:* 113 S. C., 470. *Cases distinguished:* 49 S. C., 57; 25 S. C., 204; 17 S. C., 313; 10 S. C., 431.

May 5, 1926.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

Standard Oil Company, as plaintiff, instituted, in the Court of Common Pleas for Darlington County, an action at law against A. B. Windham and Fidelity Fire Insurance Company on a policy of fire insurance issued by the insurance company named to Windham, as owner, with loss, if any, payable to Standard Oil Company, as mortgagee. It seems that Windham did not answer.

Fidelity Fire Insurance Company, in its answer, set up both legal and equitable defenses. Amongst its defenses, it alleged that the Globe & Rutgers Fire Insurance Company and Peninsular Fire Insurance Company were necessary parties to the action, and demanded that they be made parties defendant therein, but no further steps were taken to bring these two corporations into the action. The plaintiff in that suit did not demur to any of the defenses interposed, and did not endeavor to have any of them stricken out.

While the plaintiff was clearly entitled to a trial by jury of the legal issues involved in the cause, it agreed with the defendant, Fidelity Fire Insurance Company, to an order of reference, by which all the issues of law and fact were to be passed upon by Hon. J. S. McInnis, then Probate Judge of Darlington County. The parties agreed later that the Referee should only take and report the testimony. One ref-

erence was held, in which attorneys for Fidelity Fire Insurance Company participated. Upon agreement, the reference was adjourned, to be resumed on some future day, agreeable to the attorneys. This action is referred to hereinafter as the "Darlington Case."

Thereafter Fidelity Fire Insurance Company, as plaintiff, brought an equitable action against A. B. Windham, Standard Oil Company, Globe & Rutgers Fire Insurance Company, and Peninsular Fire Insurance Company, as defendants, in the Court of Common Pleas for Sumter County. This action is the case at bar, and, for convenience, is termed the "Sumter Case.".

The complaint in this cause alleges, *inter alia,* that the policy sued on in the "Darlington Case" should be cancelled; that the plaintiff therein has certain equitable defenses, which are set forth, but by reason of the technical rules of law these defenses cannot be properly preserved to its interest in the "Darlington Case"; and that Globe & Rutgers Fire Insurance Company and Peninsular Fire Insurance Company, proper parties to a complete determination of all matters involved, could not be brought in as parties in the "Darlington Case." The plaintiff in the "Sumter Case" prayed that the Standard Oil Company be enjoined from proceeding with its action at law, the "Darlington Case."

Upon application of Fidelity Fire Insurance Company, his Honor, Circuit Judge John S. Wilson, granted the order of injunction asked for, but provided therein, if any party to the action considered himself injured by reason thereof, that it might move in a Court of competent jurisdiction to vacate or modify the order of injunction, upon proper notice. Standard Oil Company answered the complaint in the "Sumter Case," and moved before Judge Wilson for a dissolution of the restraining order. The motion was refused, and Standard Oil Company has appealed to this Court from such refusal.

It is not essential to state the grounds of appeal verbatim. The appellant has two contentions: (1) That the Court of Common Pleas of one county has no power to restrain proceedings in a suit previously commenced in a similar Court of another county, when the last mentioned Court has jurisdiction of the parties and the subject-matter of the litigation, and is competent to administer adequate relief; and (2) that Fidelity Fire Insurance Company, defendant in the "Darlington Case," can obtain therein all the relief to which it is entitled just as well as it can obtain such relief in the "Sumter Case," wherein it is plaintiff.

The position of the respondent, with which the Circuit Judge agreed, is, briefly, this: The subject-matter of the two actions is essentially different and distinct, the "Darlington Case" being one at law to collect a policy of insurance, while the "Sumter Case" is an equitable action for cancellation of the said policy and for the prevention of an unlawful conspiracy between other parties to defraud the respondent; that the parties to the two actions are essentially different, and those who are necessary parties in the "Sumter Case" are not necessary nor proper parties in the "Darlington Case"; and equity can and will enjoin a party from proceeding at law, where to do so would result in such party being deprived of adequate relief.

When Courts of law and those of equity were entirely separate and distinct, parties were frequently enjoined by an equity Court from instituting or proceeding with actions at law. In the fight for supremacy between these two Courts, it was finally recognized that, while an equity Court could not deprive a law Court of its own peculiar jurisdiction, yet equity, with its power of injunction, could forbid a litigant, in many instances, from seeking a legal remedy, and could even restrain the enforcement of a judgment obtained in a law Court. Mr. Justice Story, discussing the subject of injunctions of this character, said:

"A writ of injunction is in no just sense a prohibition to those Courts in the exercise of their jurisdiction. It is not addressed to those Courts. It does not even affect to interfere with them. The process, when its object is to restrain proceedings at law, is directed only to the parties. It neither assumes any superiority over the Court in which those proceedings are had, nor denies its jurisdiction. It is granted on the sole ground that from certain equitable circumstances, of which the Court of Equity granting the process has cognizance, it is against conscience that the party inhibited should proceed in the cause. The object, therefore, really is to prevent an unfair use being made of the process of a Court of Law, in order to deprive another party of his just rights, or to subject him to some unjust vexation or injury which is wholly irremediable by a Court of Law." 2 Story Eq. Jur. (13th Ed.), Par. 875.

Regarding the subject of the power and right of Courts of Equity to grant injunctions, in the old practice, Mr. Pomeroy stated these principles:

"Where a Court of Law can do as full justice to the parties and to the matter in dispute as can be done in equity, a Court of Equity will not stay proceedings at law. Equity will not restrain a legal action or judgment where the controversy would be decided by the Court of Equity upon a ground equally available at law, unless the party invoking the aid of equity can show some special equitable feature or ground of relief; and in the case assumed, this special feature or ground must necessarily be something connected with the mode of trying and deciding the legal action, and not with the cause of action or the defense themselves. It is not such a special equitable ground or interference that the party has, by his own act or omission, failed to effectually avail himself of a valid defense at law, nor that the Court of Law has decided a question of law or of fact erroneously. The principle is well established, and is universal in its application, that when a cause belongs to the jurisdiction of the law

Courts, equity will never interfere to restrain the prosecution of the action, nor to stay proceedings on the judgment or execution, upon any mere legal grounds, although it may be demonstrated that the complainant in equity (generally the defendant at law) had a valid legal defense, which was not made available either through the error of the Court in determining the law or the facts, or the omissions of himself or his counsel in presenting it, or in obtaining the evidence by which it could have been supported." 3 Pomeroy Eq. Jur. (2d Ed.), Par. 1361.

Injunction was always regarded as an independent ground of equitable jurisdiction, and that judicial mandate was the principal, and, in fact, the most important, of all the processes issued by Courts of equitable jurisdiction.    This great power was used charily, however, and a party who sought the aid of the "strong arm of equity" was required, even in the old practice, to show that he had no adequate remedy at law.

It has generally been held that between Courts of coordinate jurisdiction, there will not be, ordinarily, any interference, by way of injunction, "in the absence of special circumstances, presenting a ground for equitable relief, the general rule being that as between such Courts the one just (first?) acquiring jurisdiction of the subject matter of an action is permitted to retain it to the end. This rule has its foundation, not merely in comity, but on necessity. For if one may enjoin, the other may retort by injunction, and thus the parties be without remedy; being liable to a process for contempt in one, if they dare to proceed in the other." 14 R. C. L., Par. 106.

It is conceivable that, under the former practice which obtained in this State prior to the adoption of the Code of Civil Procedure, the plaintiff in the "Sumter Case" (the respondent here) would have been within its rights to seek the power of a Court of Equity to aid it in setting up its equitable defenses, when such defenses were denied in a

Court of Law to which its adversary may have gone for redress. But even in those times it would have been required of plaintiff in an action brought for the purpose of procuring an injunction of that class to have shown that he did not have an adequate remedy at law. But the new and extended powers given our Courts of Common Pleas by the adoption of the Code made a remarkable change as to the practice and procedure in civil action, whether legal or equitable.

Under our Constitution, the Court of Common Pleas has been given jurisdiction in all civil cases. Const. 1895, Art. 5, § 15. And the power of injunction, once exclusively within the jurisdiction of a Court of Equity, has been granted specifically by the section cited to that Court. The framers of our organic law even went so far as to declare that, "Justice shall be administered in a uniform mode of pleading without distinction between law and equity." Const. 1895, Art. 6, § 3. By Section 9, Volume 1, Code of Civil Procedure 1922, the Court of Common Pleas was authorized to exercise the jurisdiction vested in that Court prior to the adoption of the Code, except as otherwise prescribed by the provision of the Code itself or the laws of the State. It must be evident, then, that the Court of Common Pleas for Darlington County, equal and co-ordinate in all respect to any other like Court of any other County, excepting as to what may be termed "territorial jurisdiction," is possessed of all the powers as to the institution, hearing, and disposition of all causes, equitable as well as legal, as is given to the Court of Common Pleas for Sumter County.

The Court of Common Pleas for Darlington County clearly had full jurisdiction both as to the subject-matter and as to the parties, the appellant and respondent here and Windham, in the action instituted by the appellant in that Court, and so much seems to be conceded by the parties to this appeal. Being reminded, therefore, that the Court of

Common Pleas of any county has full cognizance of both legal and equitable causes, it appears that the question before this Court for determination is: Was it necessary for the respondent to proceed as plaintiff in the "Sumter Case," or should it have sought to obtain the relief to which it may have been entitled as a defendant in the "Darlington Case?"

As a reason for the action it took, and to sustain the order of the Circuit Judge, the respondent asserts, substantially, that it had no adequate remedy in the "Darlington Case," and bases its conclusion upon two ideas: The first of these is to the general effect that its equitable defenses could not be properly entertained in the Court of Common Pleas of Darlington County. The second is that parties necessary to a full determination could not be brought into the action instituted by appellant in that County.

As to the first position, we are inclined to the view that, under the decisions of this Court, it is not tenable. While it is true that it has been held that the provisions of the Code have not interfered with the essential and inherent distinction between the different causes of action, legal and equitable (*McConnell v. Kennedy,* 29 S. C., 180; 7 S. E., 76), and whatever was equitable before the adoption of the Code still remained equitable, and what was legal is still legal, and even the mode of trial is preserved (*McMahan v. Dawkins,* 22 S. C., 320), yet it has been declared that all rights, legal or equitable, must alike be enforced or protected by the same form of action. *Parker v. Jacobs,* 14 S. C., 112; 37 Am. Rep., 724.

Our Code of Civil Procedure, referring to the answer of the defendant in a civil action, not only indicated what he may plead, but specifically requires that the answer must contain: "A statement of any new matter constituting a defense or counterclaim." Sec. 410, Vol. 1, Code 1922. This Court, construing this language of the cited section, has made the following holdings, which appear to

us to be pertinent here: The Code has enlarged the defendant's opportunity for making various defenses to the action by his answer. *Cohrs v. Fraser,* 5 S. C., 351. The defendant must plead in answer all his defenses, legal or equitable; he cannot bring a separate action on any matter that could have been so pleaded. *McAlily v. Barber,* 4 S. C., 48. "It is well settled that a person may set up equitable as well as legal defenses by his answer." *Brock v. Southern Railway,* 44 S. C., 444; 22 S. E., 601.

Furthermore, the respective modes of trial, formerly given in both legal and equitable actions, have been fully preserved according to the decided cases. Mr. Chief Justice Gary, in the opinion of this Court, in *Mitchell v. Hamilton,* 98 S. C., 289; 82 S. E., 425, laid down the distinct principle that, "All issues, both legal and equitable, can be disposed of in one action. But the legal must be submitted to a jury and the equitable must be tried by the Court, unless issues are framed by the Court in the manner provided by law."

There may seem to be a difficulty sometimes in having a jury to pass upon legal issues and for the equitable issues to be decided by the Court without a jury, but this practice has obtained in this State for a number of years. In the case at bar, however, any difficulty along that line has already been eliminated so far as the appellant and respondent here are concerned, since they have heretofore agreed that all the issues, both legal and equitable, in the "Darlington Case" are to be heard by the Court without a jury.

We are forced to the conclusion that the respondent had full right to plead any equitable defense desired to be set up by it in the "Darlington Case."

The other question brought forward by this appeal requires an inquiry as to the power of the Court of Common Pleas for Darlington County to bring into the action, instituted by the appellant in that County, the two corporations, alleged by the respondent to be necessary or proper

parties to the cause, so as to have a complete determination of all matters involved in the litigation. If these parties should be brought into the "Darlington Case," and the Court of Common Pleas for that County is powerless to bring them in, then it may well be contended that the respondent here is without an adequate remedy, and the injunction in its favor is entirely proper.

There is contained in the Code two sections which particularly touch the authority of the Court of Common Pleas to bring before it all necessary and proper parties to actions pending therein, and the reason therefor is expressly stated in the sections. Excerpts from these sections are:

Volume 1, 1922, § 361:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein."

Id., § 365:

"The Court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the Court must cause them to be brought in."

Apparently, the two sections cited have been construed together for the purpose of giving full effect to the provisions of both, for it seems that the power to bring in new parties is entirely within the discretion of the Circuit Judge. *Young v. Garlington,* 31 S. C., 290; 9 S. E., 960. *Hellams v. Prior,* 64 S. E., 543; 43 S. E., 25. *Murray v. Harris,* 77 S. C., 410; 57 S. E., 1109. *Marion County Lumber Corporation v. Whipple,* 118 S. C., 90; 110 S. E., 70.

This particular subject of the power of the Court of Common Pleas for Darlington County to bring into any cause, pending therein, any necessary or proper party, and all of our decisions bearing upon this question,

may be summed up in the clear and concise statement of
Mr. Justice Hydrick in *Mordecai v. Canty,* 86 S. C., 470;
68 S. E., 1049, when he said:

"When jurisdiction of a subject-matter is conferred upon
the Court, the power to bring before it all necessary and
proper parties for the determination of the matter follows
as an incident to the jurisdiction."

Because the bringing in of new parties to an action
is discretionary with the Court, it may be contended
that the respondent had the right to presume that the
Court of Common Pleas for Darlington County would not
use its discretion in respondent's behalf, or that respondent
need not wait until the Court had acted in the matter of the
exercise of its discretion. When the plaintiff in the "Dar-
lington Case" failed to make as parties to the action the two
corporations, which a defendant therein wished to have
brought into the suit, it was incumbent upon that defendant
to make proper application to the Court for the necessary
order requiring such parties to come in. If the "discretion"
of the Court did not accord with the respondent's views as
to its rights in the premises, it had the right to have that
discretion reviewed by the Appellate Court, for, certainly,
the "discretion" referred to in the decisions of our Court
means "legal discretion," and an abuse thereof is review-
able.

In reviewing the cases cited by the attorneys for the ap-
pellant and respondent here in their interesting arguments,
and in our own independent examination of other cases in
our State pertaining to the questions involved in this cause,
we have been struck with the fact that it appears that the
right of one Court to enjoin a party from proceeding with
an action of law in another Court of equal jurisdiction does
not seem to have been passed upon directly by this Court
since the adoption of the Code of Civil Procedure.

Akin to the questions under investigation in this cause,
but with some marked differences as to the facts herein, is

the case of *McAliley v. Barber,* reported in 4 S. C., 45. In that case, the plaintiff sought in equity to enjoin the defendants from prosecuting an action of trespass to try title brought by them against the plaintiff, the action, which it was desired to restrain, being reported in the same volume at page 49. The Supreme Court affirmed the refusal to grant the injunction because the plaintiff was guilty of laches in not moving earlier even if he had an equitable cause for the relief he sought. Both these actions, the one in which the injunction was prayed for, and the other, the proceedings of which it was sought to be enjoined, were both instituted and pending in the same Court—that of the Common Pleas for Chester County. Mr. Chief Justice Willard made the following observations in the opinion in the case first cited:

"The proper course of practice, where a defendant has rights, upon grounds that formerly authorized the filing of a bill to restrain an action at law, which he desires to oppose to a recovery in an action brought against him, is to interpose such rights by way of answer or counterclaim. He may, in this way, not only take advantage of them by way of defeating the plaintiff's judgment, but may seek and obtain affirmative relief appropriate to the case thus made by him. If the Circuit Court should, instead of allowing a defendant to amend his answer, so as to bring forward matters proper for a bill in equity to restrain an action at law, allow the party to prosecute a cross-action in the nature of such a bill, we are not prepared to say that such subsequent proceeding would be without jurisdiction or liable to reversal on that ground. But as the present suit was dismissed as to the merits, that question does not come before us at present."

Having the opinion that any defendant in the "Darlington Case" had full right and opportunity to interpose any valid equitable defenses it may have desired to put in, and also the view that it was such defendant's duty to make proper application to the Court of Common Pleas for Darlington

County, to bring into the action any necessary or proper parties who should have been required to come in, we are constrained to decide that the Circuit Judge should have vacated the order of injunction granted in the "Sumter Case"; and, accordingly, the judgment of this Court is that the order refusing to vacate the said order of injunction be, and the same is hereby, reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, COTHRAN and STABLER concur.

MR. JUSTICE COTHRAN: I think that the reversal should be conditioned specifically upon the written consent of the plaintiff to an order in the "Darlington Case" that the other two companies be brought into the case, with leave to the Fidelity Company to have the summons and complaint amended accordingly, and to amend its answer as desired.