14834

## CAMPBELL v. MOORE

(1 S. E. (2d), 784)

498

500

502

504

506

508

510

512

514

518

*Messrs. Hart & Moss,* for appellant,

*Messrs. Finley & Spratt,* for respondent,

March 8, 1939.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The facts underlying this unfortunate affair are fully set out in the report of the Special Referee, which was confirmed by the Circuit Court, and which will be reported herewith. It will be necessary only to restate such of them as are necessary to an understanding and determination of the issues made by this appeal.

When the appellant was nineteen years of age and respondent seventeen, both being unmarried, they had sexual

intercourse with each other, in consequence of which Elizabeth Moore became pregnant. When her condition became known, her brother, Robert Moore, had an interview with appellant's uncle and guardian, Dr. Brison. From this initial action on the part of Robert Moore, and the consequent action of Dr. Brison and the mother of appellant, the attorneys for appellant and respondent for a period of ten days conferred together with the laudable purpose of bringing about a settlement of this unhappy situation, and with the primary purpose of making legitimate the unborn child, prepared a written agreement to be signed by I. J. Campbell, Jr., and Elizabeth Moore whereby they agreed that they would that day go through with a ceremony of marriage to be performed by the Judge of Probate; that immediately after the performance of such ceremony the parties to it would separate and no effort would be made to require either of them to live with the other as husband and wife. That on the day after the signing of this contract, the appellant should pay to the respondent the sum of $300.00 and, upon such payment, Elizabeth Moore and her father, Ellie Moore, would enter into a formal instrument whereby the respondent should release and acquit the appellant from any liability or responsibility for the support and maintenance of any child that should be born within the year to her; and that respondent should then execute a formal instrument in writing releasing appellant from any claim of dower and from any distributive interest in his estate. That if either party should bring any action for the annulment of the marriage ceremony, neither of them will object thereto, either directly or indirectly. That the respondent, in consideration of the payment to her by the appellant of the sum of $300.00, shall release him from any charge or claim for the support and maintenance in any suit, money or alimony of any nature.

This written agreement was signed on the 7th day of September, 1934, by I. J. Campbell, Jr., and Elizabeth

Moore in the presence of Robert Moore and Samuel P. Brison. The marriage ceremony was performed the same day by Honorable E. Gettys Nunn, Judge of Probate.

The next day, September 8, 1934, the respondent, Elizabeth Moore Campbell, entered into a written agreement which recites that she and appellant have never lived together as man and wife, and have agreed that they will never do so; and that in consideration of the payment to her by I. J. Campbell, Jr., of the sum of $300.00, the receipt of which is acknowledged, she did covenant and agree to live separate and apart from the said I. J. Campbell, Jr., and to make no demands on him to live with her as her husband. That in consideration of the payment to her of such sum, she renounced, released and acquitted him from any and all liability for the support of herself or any child born to her and him, and she assumed all the expenses of the rearing, care and education of such child, and she released and renounced any right or claim of dower, or distributive interest in any lands or property of any kind, now owned or hereafter acquired by I. J. Campbell, Jr. She further convenanted and agreed that she would consent and agree for I. J. Campbell, Jr., to apply for an annulment of the marriage or for divorce therefrom, and that she would not resist the application for annulment or divorce; that if divorce is asked it shall be complete and absolute with the right to either party to remarry; and she made the condition that any child born to them should be given to her, and that no application for divorce should be made within the space of nine months from the date of the written agreement, and that I. J. Campbell, Jr., should not be required to pay suit money or support money.

This written agreement was signed by Elizabeth Moore Campbell on September 8, 1934, in the presence of Anne Roth and George Williams.

The child of Elizabeth Moore Campbell was born in February, 1935. This action was begun in May, 1935.

When the issues were joined by the pleadings, the matter was referred to C. W. F. Spencer, Esq., as Special Referee, to hear and determine the issues of law and fact. He took a great deal of testimony which, along with the exhibits, is set out in the Transcript of Record. In due time, the Special Referee filed his report, the summary of which is in these words: "Upon full and careful consideration of the evidence and the law, as I understand it, I recommend that the marriage between the plaintiff and defendant should not be annulled; I recommend that the custody of the child remain with her mother; I recommend that the plaintiff should not be required to provide support for the defendant; I recommend that the child, Lillian Johnson Campbell, should be made a party to this action and that a full inquiry be had as to the amount of proper, adequate and full support for the child during minority; and that provision should be made requiring the plaintiff to forthwith pay to the defendant a lump sum for the child's care and support from birth up to the present time (reaching this conclusion because it seems to me that the $300.00 paid under the agreement would be more than absorbed in the ordinary expenses incident to the birth of the child and the necessary medical and nursing care incident thereto); and that hereafter the plaintiff should be required to pay monthly for the support of the child; and lastly, I recommend that the plaintiff be required to pay all of the costs of this action, including reasonable fees to the defendant's counsel, the amount of which should be ascertained by the taking of evidence thereabout."

The report was heard by Judge Gaston, on exceptions thereto, and was by him confirmed in an order of date November 30, 1937.

The appeal is from this order, upon exceptions which allege error in not granting plaintiff's motion to strike from the answer Paragraphs 5 and 6; error in permitting the infant child to be made a party defendant to the action; er-

ror in permitting the defendant to change the action from one for annulment of a marriage to one for alimony, support, maintenance of the child and for counsel fees; error in not holding that plaintiff was forced to, and did enter into the said marriage ceremony through duress and coercion. Error in not finding and holding that plaintiff was induced to, and did enter into the said marriage through fraud and misrepresentations of defendant and her relatives. Error in not finding and holding upon all the testimony that said marriage ceremony never in truth and fact constituted a valid marriage, as neither of the parties at the time of the said ceremony intended or contemplated becoming and living together as man and wife. Error in holding that the antenuptial and postnuptial contracts were void as being against public policy.

We shall pass upon only those exceptions which charge error in not striking out Paragraphs 5 and 6 of the answer, and those which charge error in recommending that the infant child be made a party to the action, and error in considering the issues of alimony, support, maintenance for the child and counsel fees.

The other issues made by the exceptions are, in our judgment, correctly disposed of by the report of the Special Referee, and the Circuit decree, both of which are directed to be reported along with this opinion.

The first exception complains of error in refusing to grant plaintiff's motion to strike from the answer Paragraphs 5 and 6, which motion was based on the ground that the complaint states an action for the annulment of a marriage, and the matters set up in those paragraphs are not a specific denial of the allegations of the complaint, nor do they set out matters which constitute a defense or a counterclaim of the cause of action contained in the complaint.

Subsection 2 of Section 467, Code of Civil Procedure, 1932, is that an answer should contain: "A statement of

any new matter constituting a defense or counterclaim, in ordinary and concise language, without repitition."

Plaintiff alleges in his complaint that he did not enter into the marriage with defendant freely and voluntarily, but was induced to do so by duress and coercion, and by the fraud and misrepresentations of defendant and her relatives. In Paragraph 5 she goes into a minute history of her lifelong friendship and association with plaintiff. She states that they were schoolmates and sweethearts; that he made love to her; assured her of his love in person and by letter; offered marriage to her; won her affection and confidence, and she became engaged to him.

Why is this not competent to show that plaintiff did enter into the marriage with defendant freely and voluntarily, and not because of duress and coercion, or through fraud and misrepresentations?

Section 468, Code of Civil Procedure, 1932, Subsection 1, provides that a counterclaim is: "A cause of action arising out of the contract *or transaction* set forth in the complaint as the foundation of the plaintiff's claim, *or connected with the subject of the action.*" (Italics ours.)

Here the cause of action is the claim to annul the contract of marriage between the parties, and the repudiation of the maintenance of the child begotten before and born after the ceremony of marriage. Defendant demands that plaintiff provide for the child; this is the gist of the counterclaim. It seems to us that the counterclaim grows out of the cause of action set up in the complaint. Certainly it is connected with it.

This is a suit in equity. Section 468, *supra,* further provides (see annotations at foot of the above Section), "* * * yet it has been declared that all rights, legal or equitable, must alike be enforced or protected by the same form of action. *Fidelity Fire Ins. Co. v. Windham,* 134 S. C., 373, 133 S. E., 35, 38."

" * * * A counterclaim relates to matter that might be the subject of an action and give rise to a judgment independently of the matters set forth in the complaint to which it is interposed. It is rather in the nature of a cross action than of a defense, * * *."
*Mobley v. Cureton,* 6 S. C., 49.

The sixth paragraph of the answer, which plaintiff moved to strike out, is designed to show that the appellant, the father of her child, is a man of means, has property and is amply able to provide for the maintenance of the child.

We have seen that she has the right to set up a counterclaim for the recovery of such claim. We think it will not be denied that she may show by evidence that the father of her child is able to maintain it.

There was no error in refusing to strike Paragraphs 5 and 6 from the answer.

The plaintiff alleges that it was error to allow defendant to set up and make a new party-defendant in her answer without the leave of the Court. We do not find from the answer that respondent made the child a party-defendant to the suit, nor did she ask that it be done. The Special Referee recommended that the Court make the child a party to the action. Section 494, Code of Civil Procedure, 1932, provides that the Court may, before or after judgment, and on such terms as may be proper, amend any pleading, process, or proceeding by adding or striking out the name of any party.

Plaintiff further charges that defendant was allowed to change the entire nature of the action from one for the annulment of a marriage to an action for alimony, support, maintenance of the child and counsel fees. The disposition we have made of Exceptions 1 and 2 also disposes of this exception. Moreover, the judgment of the lower Court does not allow alimony or support to the defendant. Since the child will be made a party to the action

and steps taken to ascertain what will be a proper allowance for her maintenance, it would seem to be equitable that the counsel whose efforts brought about these results should be compensated.

The exceptions are overruled and the judgment is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.